# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24 CV 3555 |
| | ) | |
| SOUTH SUBURBAN MAJOR CRIMES TASK FORCE, VILLAGE OF BURNHAM, CITY OF OAK FOREST, VILLAGE OF DOLTON, JOHN DALEY #101/627, NICK NOMIKOS #78, JOSE NEVAREZ #611/673, TIM GAINER #602, MATTHEW GAINER #600, R. MONTES #638, A. DELGADILLO #634, COLEMAN #689, C. LEYDEN #636, T. ASHE #615, SIMS #685/669, RODRIGUEZ #646, K. WILLOUGHBY #648, PADRON #606, HOPE #687, IVERSON #663/673, VARKALIS #167/651, K. MESSER #645, ALEXANDER #640, R. ZIVKOVICH #672/617, T. BOLIN #82, B. KING #75, S. BOWEN #74, P. BELOS #70, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT R. ZIVKOVICH #672/617'S ANSWER TO PLAINTIFF'S COMPLAINT**

TO:    Amanda S. Yarusso
        1180 N. Milwaukee Ave.
        Chicago, IL 60642

NOW COMES the Defendant R. ZIVKOVICH #672/617, by and through his attorney Patrick W. Walsh, for his Answer to Plaintiff's Complaint, Defendant R. ZIVKOVICH #672/617 states as follows:

1. Admit that Plaintiff filed an action for money damages pursuant to 42 U.S.C. § 1983.

2. Admit that Plaintiff asserted jurisdiction as set forth in paragraph 2.

3. Admit.

4. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

5. Defendant admits that he was a duly appointed and sworn member of the South Suburban Major Crimes Task Force.

6. Defendant admits that he was employed by the City of Calumet City Police Department. The Defendant admits that the Plaintiff named other defendants that are police officers on the South Suburban Major Crimes Task Force. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

7. The Defendant admits that he was acting in the course and scope of his employment as a City of Calumet City Police Officer who was assigned to the South Suburban Major Crimes Task Force. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

8. The Defendant admits that he was sued in his individual capacity.

9. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

10. Admit that the South Suburban Major Crimes Task Force is a not-for-profit entity comprised of law enforcement officers from law enforcement agencies. Defendant denies that he was employed by the South Suburban Major Crimes Task Force. The remaining allegations and conclusions are denied.

11. Admit.

12. Admit.

13. Admit.

14. Defendant admits that he participated in the investigation as a police officer assigned to the South Suburban Major Crimes Task Force. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s) concerning the other officers' participation in the investigation, therefore those remaining allegations are denied.

15. Denied.

16. Denied.

17. Denied.

18. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

19. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

20. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

21. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

22. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

23. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

24. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

25. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

26. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

27. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

28. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

29. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

30. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

31. The Defendant admits that the Plaintiff was indicted. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

32. The Defendant admits that the Plaintiff was arrested at some point in time. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

33. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

34. The Defendant admits that the Plaintiff was detained for a period of time from the time the Plaintiff was arrested. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

35. Denied.

36. The Defendant admits that the Plaintiff was prosecuted for the criminal offense(s) referenced in paragraph 31 above. The Defendant admits that the Plaintiff was indicted. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

38. The Defendant admits that the Plaintiff was found not guilty of the criminal offense(s) referenced in paragraph 31 above. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

39. The Defendant admits that the Plaintiff was detained for a period of time from the time the Plaintiff was arrested. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

40. Denied.

41. Denied.

WHEREFORE Defendant R. ZIVKOVICH #672/617, prays that this Honorable Court dismiss Plaintiff's Complaint that lacks a good faith basis in fact or law, award costs, expenses, and attorney fees to Defendant, and grant such other relief as this Court deems just.

### COUNT I
### (42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention and Wrongful Prosecution)

42. Defendant realleges its answers in paragraphs 1 through 41 above and incorporates them herein by reference.

43. Denied.

WHEREFORE Defendant R. ZIVKOVICH #672/617, prays that this Honorable Court dismiss Plaintiff's Complaint that lacks a good faith basis in fact or law, award costs, expenses, and attorney fees to Defendant, and grant such other relief as this Court deems just.

## COUNT II
### (State Law Claim for Malicious Prosecution)

44. Defendant realleges its answers in paragraphs 1 through 43 above and incorporates them herein by reference.

45. Denied.

46. Denied.

47. Denied.

48. The Defendant admits that the Plaintiff was found not guilty of the criminal offense(s) referenced in paragraph 31 above. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation(s), therefore they are denied.

WHEREFORE Defendant R. ZIVKOVICH #672/617, prays that this Honorable Court dismiss Plaintiff's Complaint that lacks a good faith basis in fact or law, award costs, expenses, and attorney fees to Defendant, and grant such other relief as this Court deems just.

## COUNT III
### (Claim for Indemnification Pursuant to 745 ILCS 10/9-102)

49. Denied.

50. The allegation is not directed at this Defendant. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

WHEREFORE Defendant R. ZIVKOVICH #672/617, prays that this Honorable Court dismiss Plaintiff's Complaint that lacks a good faith basis in fact or law, award costs, expenses, and attorney fees to Defendant, and grant such other relief as this Court deems just.

## COUNT IV
### (Malicious Prosecution Claim Against Defendant Employers – *Respondent Superior*)

51. The Defendant denies any and all allegations of misconduct set forth in paragraphs 1- 50 above. Defendant realleges its answers in paragraphs 1 through 50 above and incorporates them herein by reference. The remaining allegations and conclusions are denied.

52. The allegation is not directed at this Defendant. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

53. The allegation is not directed at this Defendant. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation(s), therefore they are denied.

WHEREFORE Defendant R. ZIVKOVICH #672/617, prays that this Honorable Court dismiss Plaintiff's Complaint that lacks a good faith basis in fact or law, award costs, expenses, and attorney fees to Defendant, and grant such other relief as this Court deems just.

## JURY DEMAND

54. Defendant admits that Plaintiff demanded trial by jury on all claims.

## DEFENDANT'S AFFIRMATIVE DEFENSES – COUNT I

### Qualified Immunity

1. The Defendant is entitled to qualified immunity.

2. The Defendant's alleged conduct did not violate any clearly established statutory or constitutional rights of the Plaintiff.

3. The Defendant's actions were reasonable and lawful.

4. There was probable cause to arrest the Plaintiff based upon the evidence known to law enforcement at the time of Plaintiff's arrest

5. There was probable cause to indict the Plaintiff based upon evidence presented to a Cook County Grand Jury.

**Probable Cause Existed to Arrest and Prosecute the Plaintiff**

1. There was probable cause to arrest the Plaintiff based upon the evidence known to law enforcement at the time of Plaintiff's arrest

2. There was probable cause to indict the Plaintiff based upon evidence presented to a Cook County Grand Jury.

3. The Cook County State's Attorney's office evaluated the evidence and approved all charges.

4. The Cook County State's Attorney's office believed there was sufficient evidence to prosecute the Plaintiff and take the case to trial.

5. The totality of the facts and circumstances known to the Defendant officers at the time of the arrest would warrant a reasonable, prudent person in believing that the Plaintiff had committed the crime he was indicted for.

**Absolute Immunity**

1. The Defendant is entitled to absolute immunity for performing any functions closely associated with the judicial process.

2. The Defendant is entitled to absolute immunity for any testimony provided in connection with the Plaintiff's prosecution by the Cook County State's Attorney's Office.

## DEFENDANT'S AFFIRMATIVE DEFENSES – COUNT II

### Probable Cause Existed to Arrest and Prosecute the Plaintiff

1. There was probable cause to arrest the Plaintiff based upon the evidence known to law enforcement at the time of Plaintiff's arrest.

2. There was probable cause to indict the Plaintiff based upon evidence presented to a Cook County Grand Jury.

3. The Cook County State's Attorney's office evaluated the evidence and approved all charges.

4. The Cook County State's Attorney's office believed there was sufficient evidence to prosecute the Plaintiff and take the case to trial.

5. The totality of the facts and circumstances known to the Defendant officers at the time of the arrest would warrant a reasonable, prudent person in believing that the Plaintiff had committed the crime he was indicted for.

/s/ Patrick W. Walsh
Patrick W. Walsh
Attorney at Law
Admitted to and qualified to practice before
United States District Court
for the Northern District of Illinois
Attorney for Defendant
R. Zivkovich #672/617
33 S. Garfield St.
Hinsdale, Illinois 60521
(630) 794-0300
patrick@pwalsh.com
Attorney No.: 6200151

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 19, 2024, he electronically filed the foregoing DEFENDANT R. ZIVKOVICH #672/617'S ANSWER TO PLAINTIFF'S COMPLAINT, with the Clerk of the United States District Court for the Northern District of Illinois, in accordance with the U.S. District Court's Order on Electronic Filing, and will send notification of such filing to whom this Answer is directed by email to amanda.yarusso@gmail.com, from 33 S. Garfield St., Hinsdale, Illinois 60521.

    /s/ Patrick W. Walsh
Patrick W. Walsh
Attorney at Law
Admitted to and qualified to practice before
United States District Court
for the Northern District of Illinois
Attorney for Defendant
R. Zivkovich #672/617
33 S. Garfield St.
Hinsdale, Illinois 60521
(630) 794-0300
patrick@pwalsh.com
Attorney No.: 6200151