**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH SUBURBAN MAJOR CRIMES TASK | ) | |
| FORCE, VILLAGE OF BURNHAM, CITY OF | ) | Case No. 24 CV 3555 |
| OAK FOREST, VILLAGE OF DOLTON, | ) | |
| JOHN DALEY, NICK NOMIKOS, | ) | |
| JOSE NEVAREZ, TIMOTHY GAINER, | ) | |
| MATTHEW GAINER, RAMIRO MONTES, | ) | |
| ANTHONY DELGADILLO, MAJOR COLEMAN, | ) | |
| CHARLES LEYDEN, THOMAS ASHE, | ) | |
| DOMINICA TOLBERT, ERASMO RODRIGUEZ, | ) | |
| KEITH WILLOUGHBY, ANTONIO PADRON, | ) | |
| DARRYL HOPE, CHANTO IVERSON, | ) | |
| MICHAEL VARKALIS, KURT MESSER, | ) | |
| WILLIAM ALEXANDER, | | |
| RANDALL ZIVKOVICH, TIMOTHY BOLIN, | ) | |
| STEVEN BOWEN, PETER BELOS, | ) | |
| CITY OF CALUMET PARK, VILLAGE OF | ) | |
| RIVERDALE, CITY OF MARKHAM, CITY OF | ) | |
| BLUE ISLAND, VILLAGE OF SOUTH | ) | |
| HOLLAND, VILLAGE OF LANSING, | ) | |
| VILLAGE OF POSEN, AND | ) | |
| CITY OF CALUMET CITY | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and

1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to

28 U.S.C. §1367(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

4.     At all times relevant to this Complaint, Plaintiff Timothy Watkins resided in Cook County, Illinois.

5.     Defendants John Daley #101/627, Nick Nomikos #78, Jose Nevarez #611/673, Tim Gainer #602, Matthew Gainer #600, Ramiro Montes #638, Anthony Delgadillo #634, Major Coleman #689, Charles Leyden #636, Thomas Ashe #615, Dominica Tolbert (formerly Sims) #685/669, Erasmo Rodriguez #646, Keith Willoughby #648, Antonio Padron #606, Darryl Hope #687, Chanto Iverson #663/673, Michael Varkalis #167/651, Kurt Messer #645, Antonio Padron #606, William Alexander #640, Randall Zivkovich #672/617, Timothy Bolin #82, Steven Bowen #74, and Peter Belos #70 ("Defendant-Officers") are (or were at the time of the events alleged) duly appointed and sworn members of the South Suburban Major Crimes Task Force.

6.     Defendant-Officers are (or were at the time of the events alleged) employed at various suburban police departments and the Illinois State Police and are or were agents and/or employees of those municipalities and agencies, including the Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, City of Calumet City, and the Illinois State Police.

7.     At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

8.     The Defendant-Officers are sued in their individual capacities.

9.      Defendants Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, and City of Calumet City are municipal corporations, duly incorporated under the laws of the State of Illinois, and were the employers and principals of one or more of the Defendant-Officers at the time of the events alleged in this Amended Complaint.

10.     South Suburban Major Crimes Task Force is a non-profit entity comprised of suburban, county and state law enforcement agencies and law enforcement officers from various municipal, county and state agencies and acted as the employer, principal and/or organizational entity directing the conduct of the Defendant-Officers during the police investigation that is the subject of this Amended Complaint.

**Facts**

11.     On March 2, 2016, Vincent Means was shot and killed while driving in his vehicle near Will's Sports Bar in Burnham, Illinois.

12.     The same day, the Burnham Police Department began a criminal investigation into the shooting.

13.     The Burnham Police Department activated the South Suburban Major Crimes Task Force to assist in the homicide investigation.

14.     Defendant-Officers took part in the investigation into the shooting of Vincent Means as part of the South Suburban Major Crimes Task Force.

15.     During the course of the investigation, Defendant Officers took steps to falsely implicate the Plaintiff in the March 2, 2016, shooting.

16.     Defendant-Officers and other investigating officers knowingly, intentionally, and falsely implicated Plaintiff as being involved in the shooting, despite the lack of physical evidence, eyewitness evidence, and evidence of any kind implicating Plaintiff as the shooter.

17.     Specifically, Defendant-Officers and other involved officers, after examining the crime scene, watching surveillance videos, interviewing numerous witnesses, and examining other physical evidence, purposely misrepresented facts, and ignored exculpatory evidence that exonerated Plaintiff and evidence that implicated other potential suspects.

18.     No eyewitnesses identified Plaintiff as the shooter.

19.     A young woman who was the passenger in Vincent Means car described a possible suspect to investigators and participated in a photo line-up, yet did not identify Plaintiff as the shooter.

20.     Nathan Parks, an individual that was with Plaintiff that evening, was arrested and held in a police station in Gary, Indiana based on a hold initiated by the Defendant-Officers.

21.     Despite the lack of evidence that Plaintiff had anything to do with this shooting, Defendant-Officers questioned Nathan Parks about Plaintiff's involvement with the shooting.

22.     Nathan Parks repeatedly denied Plaintiff was involved in the shooting and denied that he saw Plaintiff with a gun.

23.     Defendant-Officers Daley and Nevarez aggressively and coercively questioned Nathan Parks while he was in their custody over the period of two days while Parks pleaded to be released.

24.     Defendant-Officers detained, questioned, pressured and threatened Parks to say something to implicate Plaintiff in the shooting even though they knew there was no evidence

that Plaintiff was involved in the shooting, and that Parks had no genuine information that Plaintiff was the shooter or otherwise involved.

25.    Parks eventually made a false and coerced statement that implicated Parks in the shooting as the result of the Defendant-Officers' unlawful and unconstitutional interrogation.

26.    Parks remained imprisoned in Gary, Indiana pursuant to the Defendant-Officers' orders for four more days until he was transported, in the Defendant-Officers' custody and at the Defendant-Officers' insistence, to the Cook County courthouse to provide false testimony before the Grand Jury implicating Plaintiff.

27.    After Parks testified falsely before the Grand Jury, the Defendant-Officers were waiting for Parks. They transported him to the south side of Chicago in their police vehicle where they released him on 95th Street.

28.    Despite the lack of evidence that Plaintiff had anything to do with this shooting, Defendant-Officers wrote false and misleading reports and gave false and misleading information to the State's Attorney's Office about the strength of evidence against Plaintiff in order to initiate criminal charges against him for murder.

29.    Defendant-Officers did so knowing there was no probable cause to bring charges against the Plaintiff.

30.    One or more of the Defendant-Officers then provided false and misleading testimony before the Grand Jury implicating Plaintiff in order to obtain a felony indictment against the Plaintiff.

31.    On April 11, 2016, based on the Defendant-Officers' false reports, false statements to the state's attorney, and false testimony, and the coerced testimony from Parks, Plaintiff was indicted on eight counts of first-degree murder.

32.     The case was docketed in the Cook County Courthouse as <u>People of the State of Illinois v. Timothy Watkins</u>, case number 16CR0552201.

33.     On March 4, 2016, based on the Defendant-Officers' knowingly false allegations and initiation of a warrant for his arrest, Plaintiff was arrested by Lansing Police Department and transported to the custody of Defendant Daley at the Burnham Police Department.

34.     Due to the serious nature of the charges, Plaintiff was unable to bond out during the pendency of the criminal case.

35.     As a result, Plaintiff was imprisoned during his entire criminal prosecution and pretrial court proceedings.

36.     Defendant-Officers did not have probable cause to bring criminal charges for murder against Plaintiff related to shooting of Vincent Means, yet they took steps to commence and continue his prosecution anyway.

37.     On April 26, 2023, a bench trial began in the criminal case the Defendant-Officers initiated against Plaintiff.

38.     At trial, Parks recanted his prior statement and testimony implicating Plaintiff. Park's testimony at trial was consistent with the statements he repeatedly made to the Defendant-Officers when they began interrogating him stating that he did not have any information and did not believe that Plaintiff was involved in the shooting.

39.     On May 1, 2023, the criminal court judge found Plaintiff not guilty on all charges because it was abundantly clear that there was no evidence that Plaintiff was involved in the shooting of Vincent Means.

40.     As a result of the Defendant-Officers' conduct, Plaintiff spent a total of 7 years imprisoned while the case was pending against him.

41.     Defendant-Officers each personally participated in the unlawful conduct and acted jointly and in concert with their fellow members of the South Suburban Major Crimes Task Force, and/or acquiesced to or failed to intervene to stop the unlawful conduct of the Defendant-Officers who wrongfully alleged, charged and commenced the prosecution of Plaintiff for murder.

42.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress, loss of freedom, loss of society, loss of a normal life, and pecuniary damages.

## COUNT I
**(42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention and Wrongful Prosecution)**

43.     Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

44.     Defendant-Officers, knowing that probable cause did not exist, acted individually, jointly, and/or in a conspiracy, to cause Plaintiff to be arrested, detained, charged and prosecuted for multiple first degree murder charges, or failed to intervene knowing that Plaintiff was being arrested, detained, charged and prosecuted without probable cause, thereby violating Plaintiff's right to be free from unreasonable seizure guaranteed to him by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (State Law Claim for Malicious Prosecution)

45.     Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

46.     Defendant-Officers commenced and/or continued the criminal prosecution against Plaintiff for first degree murder.

47.     Defendant-Officers did so without probable cause or without a good faith basis, i.e. with malice.

48.     Defendant-Officers had no probable cause to charge and cause the prosecution of Plaintiff for murder.

49.     The charges were terminated in a manner favorable to Plaintiff when he was found not guilty at trial.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

50.     The acts of the Defendant-Officers described above were willful and/or wanton and committed in the scope of employment.

51.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, the Defendant-Officers' employers, including the South Suburban Major Crimes Task Force, Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of

Posen, and City of Calumet City are liable for any judgments for damages and attorneys' fees and costs against the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order the Defendant-Officers' employers, including the South Suburban Major Crimes Task Force, Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, and City of Calumet City to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

## COUNT IV
### (Malicious Prosecution Claim Against Defendant Employers - *Respondeat Superior*)

52.     The acts of the Defendant-Officers, as described above, were committed in the scope of employment.

53.     As principals and employers, Defendants South Suburban Major Crimes Task Force, Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, and City of Calumet City are liable for their agents' actions under the doctrine of *respondeat superior* for the state law claim of malicious prosecution.

54.     Furthermore, these Defendant employers are liable for the actions of any as yet unidentified officers that are their employees or agents and who were involved in and/or caused the malicious prosecution of Plaintiff as alleged in Count II.

WHEREFORE, Plaintiff asks that this Honorable Court find Defendants South Suburban Major Crimes Task Force, Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, and City of Calumet City liable for malicious

prosecution based on the actions of their employees and agents, the Defendant-Officers and any other (yet to be named) officer-employees for any judgment entered on the state law claims in this case arising from their actions.

## **JURY DEMAND**

55.     Plaintiff demands a trial by jury on all claims.


Respectfully submitted,

s/Amanda S. Yarusso
*Counsel for Plaintiff Timothy Watkins*

Amanda S. Yarusso
1180 N Milwaukee Ave
Chicago IL 60642
773-510-6198
amanda.yarusso@gmail.com