**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| Vs. | ) Case No. 24 CV 3555 |
| | ) |
| SOUTH SUBURBAN MAJOR CRIMES | ) |
| TASK FORCE, ET. AL., | ) |
| | ) |
| Defendants | ) |

**THE VILLAGE OF SOUTH HOLLAND AND CHARLES LEYDEN'S REPLY**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

### I.  Introduction

Just as he pleads his claims in general against nearly each of the 24 named Defendants, Watkins offers a single, nonspecific argument, i.e. "impermissible group pleading arguments have been repeatedly rejected. (Dkt 138 at 7) But he fails to address Leyden's argument and instead complains that since he was not present when the officers committed their wrongful acts" he cannot "without discovery …. describe the misconduct of each officer with great specificity." . His contention that he needs to take discovery to flesh out his pleading rings hollow, given his opposition to Leyden and South Holland's attempt to secure those materials, via subpoena, from Cook County State's Attorney's office. Exhibit "A"). If discovery is necessary to describe the involvement of each officer "with greater specificity," why did Watkins oppose the very discovery which would shed significant light as to which of the named defendants, if any, participated in the misconduct described in the original and amended complaints?

As the Seventh Circuit recognizes, in a Section 1983 lawsuit, "the focus must be on whether the defendants had the personal involvement necessary to permit a finding of liability." Watkins' claim against Leyden is not facially plausible because he fails to identify a single

instance in which Leyden authored a report, offered testimony, or otherwise participate in a prosecution. His failure to address this argument amounts to a forfeiture.

As to his malicious prosecution claim, Watkins claims each of the twenty-three (23) named defendants commenced or otherwise continued criminal prosecution." Quite plainly, the information regarding who commenced the prosecution and who continued is certainly knowable. Watkins was represented by counsel in the underlying criminal matter and certainly has access to materials, including pleadings which identify who among the named defendants commenced or continued the original proceeding.

Contrary to what Watkins argues, Leyden and the other movants are not attempting to hold him to "a higher pleading standard" on his putative conspiracy claim. On the one hand, he admits "not specifically pleading conspiracy claim" but then adds, "…his allegations taken, as true and with the inference they support, adequately describe the meeting of the minds." (Dkt. 138 at 11) In fairness, this line of argue misses the mark as Watkins conspiracy allegation is a conclusion which is not, as the Supreme Court recognizes, entitled to the "presumption of truth."

**II. Watkins' Complaint Fails to Provide Any Detail, Let Alone Sufficient Detail.**

According to Watkins, Courts in this Circuit have "repeatedly rejected the notion that group pleading is impermissible. (Dkt. 138 at 7). But there is no doctrine in this Circuit which, "per se, either permits or forbids allegations against Defendants collectively…" *Robles vs. City of Chicago,* 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019). "Group pleading" meets the requirements of Rule 8, "so long as the complaint provides sufficient detail to put the defendants on notice of the claims." (Id.) In determining whether the plaintiff has met the notice requirements set forth in Rule 8, there is, per the Seventh Circuit, "no bright line;" rather, "at some point the factual details in the complaint maybe so sketchy that the complaint does not provide the type of notice of the

claim to which the defendant is entitled to a Rule 8." *Airborne Beepers and Video, Inc., vs. AT & T Mobility, LLC*, 449 F 3d 663, 667 (7th Cir. 2007).

Notice and plausibility, Watkins acknowledges, remains the benchmark." But the allegations which reference Leyden provide neither. As to the former, Watkins fails to identify a single pleading, document, affidavit, or report which Watkins authored and which the prosecution relied on in prosecuting Watkins. Similarly, he fails to identify a single instance in which Leyden offered testimony before the grand jury or at trial. As the Supreme Court recognizes, "grand jury witnesses should enjoy the same immunity as witnesses trial which means a grand jury witness has absolute immunity from any Section 1983 claim based on the witness's testimony." *Rehberg vs. Paulk*, 556 U.S. 356, 369-70 (2012). The Supreme Court likewise recognizes that "no grand jury witness has the power to initiate a prosecution." Consequently, to the extent Watkins bases his Section 1983 claim on Leyden testifying falsely at trial or before the grand jury, he fails to meet Rule 8's plausibility threshold.

Citing *Culver vs. City of Chicago,* 851 F. 3d 649, 657 (7th Cir. 2017), Watkins claims Defendants ignore "the potential tension between Section 1983's individual responsibility requirement and the factual scenarios of the kind present here." (Dkt. 138 at 7). He then compares himself to the plaintiff in *Culver*, complaining that he was "not present which the officers committed their wrongful acts" and "without discovery, plaintiff cannot describe the involvement of each officer with a great specificity." But Watkins objected to the subpoena Leyden issued to Cook County States Attorneys' office, claiming it was improper pursuant to Rule 26 (d) and further complaining that FRCP 45(a)(4) requires that a subpoena for documents be sent to each party before serving it. (See Exhibit "A"). The subpoena was, in Watkins' view, "premature at this stage." (Id). Nevertheless, as to Leyden, Watkins' allegations do not meet the "notice" requirement because he fails to describe Leyden's involvement with any measure of specificity.

3

Watkins argues it would "be unjust and nonsensical to bar plaintiffs from holding officers accountable where plaintiffs had no way of knowing the detailed conduct each officer committed that violated their rights." But as to Leyden, he offers absolutely no detail whatsoever notwithstanding his access to the documents and materials generated during his prosecution, including documents of his attorneys generated and obtained.

Watkins insists that Leyden and "the individual defendant officers were "all part of the assembled SSMCTF conducting the means homicide investigation" and claims he has "some information about the defendants officers involvement based on reports involving criminal case and in response to FOIA requests"… (Dkt. 138 at 9)  Watkins does not claim he lacks information about Leyden's putative involvement and yet there is no factual enhancement, which would permit him to meet Rule 8's plausibility threshold. Even though he has all manner of documents he adds the defendants, presumably Leyden, "are in possession of the knowledge and precisely which them, if any, withheld, suppressed or otherwise fabricated evidence." (Dkt. 138 at 9-10).

 As the Seventh Circuit recognized, where plaintiff engages in group pleading, "there is no bright line" and "at some point the factual detail in the complaint may be so sketchy that the complaint does not provide the type of notice to which the defendants are entitled to under Rule 8." As to Leyden, there is no factual detail, sketchy or otherwise.

Consequently, this Court should dismiss Count I pursuant to Rule 12 (b)(6).

### III.      Watkins Admits He Has Not Pled a Viable Conspiracy Claim

After conceding he has not pled a conspiracy claim, Watkins  doubles down, spending three pages complaining  the arguments Defendants raise are "irrelevant and contrary to established case law." He then repeats certain allegations in his Amended Complaint, arguing "it is reasonable to infer that these officers, members of the task force convened for the investigation, worked together, shared information and decided to charge plaintiff." (Dkt. 138

4

at 11). He continues, characterizing Defendants' arguments as "a misguided attempt to hold plaintiff to [sic] higher pleading standard simply because plaintiff has alleged that Defendants worked together on a task force because the violation of plaintiff's rights." (Id.) But he fails to explain how "working together" and "sharing information" raises an inference of a section 1983 conspiracy.

Watkins' allegation of a "conspiracy" is deficient under Rule 8 as inasmuch as he offers a mere conclusion, totally lacking in factual enhancement which means his allegation is not entitled to the presumption of truth. His bare assertion of conspiracy is conclusory in nature and does not meet plausibility threshold established in *Ashcroft vs. Iqbal,* 566 U.S. 662, 680-82 (2009) and *Bell Atlantic Corp*. vs. *Twombly,* 550 U.S. 544, 555-57 (2007).

Per Watkins, "a conspiracy claim need not be pled with particularity." but this line of argument misses the mark entirely as he fails to plead any facts, which meet Rule 8's plausibility threshold. Contrary to what he argues, Watkins fails to identify the parties, general purpose, approximate day conspiracy and does not allege that who, what, and when…

He instead r resorts to group pleading, arguing that each of the twenty-four named defendants "created reports, coerced the witness, provided information, prosecutors and testified in proceedings to falsely implicate plaintiff."… (Id.) In other words, he alleges parallel conduct without any factual embellishment, which per the Supreme Court "does not suggest a conspiracy." See *Twombly*, 550 U.S. at 551-52.

**IV.     Watkins Fails to Meet the Requirements of Rule 15(c)(1)(C)**

Per Rule 15(c)(1), an amendment to a pleading relates back to the original pleading when:

(A)   The law that provides the applicable statute of limitations allows relation back;

    (B)    The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out –in the original pleadings; or

    (C)    The amendments changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) and if, within the period provided by Rule 4(n) or serving this summons and complaint, the party to be brought by amendment:

        (i)    received such notice of the action that it would be not prejudiced in defending on the merits; and

        (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Watkins argues as he has met each of Rule 15(c)'s requirements, and therefore his claim against South Holland relates back to his original complaint filed on May 1, 2024. But his opposition to South Holland's motion fails inasmuch as for the purposes of Rule 15(c)(1)(C)(ii), a "mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant." See *Hall vs. Norfolk Southern S.R.Y. Co.*, 469 F. 3d 590, 596 (7th Cir. 2006).

Watkins concedes that he did not know South Holland was a proper defendant and claims that when he filed his original complaint, he named Leyden an employee of one or more municipalities, namely Burnham, Dolton and Oak Forest:

> The added municipal defendant knew or should have known that the malicious prosecution claim (already brought against the employees in Count II) would have been brought against them but for a mistake as to **who the proper municipal employers were in the Plaintiff's original Complaint**.(emphasis added) Plaintiff named some municipalities in the original complaint (Burnham, Dolton and Oak Forest) as they were the municipalities that could be discerned from the available information as the potential employers of the individual defendants. (All named in the original complaint).

Additionally, Watkins writes that "upon further investigation and attempts to serve the individuals, he discovered that some of the individual defendants were employed by other (unnamed municipalities at the time of the events"). Since Watkins freely admits he did not know

6

South Holland was a proper defendant, his mistake does meet the requirements of Rule 15(c)(1)(C)(ii), and he has pled himself out of Court. Accordingly, this Court should grant South Holland's Motion to Dismiss Count IV.

## CONCLUSION

For the reasons stated above, Leyden and South Holland respectfully request that this Court grant their Motion to Dismiss.

                                                               Respectfully submitted,

                                                               By: /s/ Patrick Ruberry
                                                               One of the attorneys for Investigator C. Leyden and South Suburban Major Crimes Task Force, Village of South Holland.

Patrick J. Ruberry
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL 60606
Phone: (312) 781-6675
Fax: (312) 781-6630
ARDC# 6188844
ruberry@litchfieldcavo.com