# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| Vs. | ) Case No. 24 CV 3555 |
| | ) |
| SOUTH SUBURBAN MAJOR CRIMES | ) |
| TASK FORCE, ET. AL., | ) |
| | ) |
| Defendants | ) |

## SOUTH SUBRUBAN MAJOR CRIMES TASK FORCE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, SOUTH SUBURBAN MAJOR CRIMES TASK FORCE, by its attorneys, LITCHFIELD CAVO LLP and in answering Plaintiff's Amended Complaint, Defendant states as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendant admits.**

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

**ANSWER: Defendant admits.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims rose in this district as alleged below.

**ANSWER: Defendant admits.**

**Parties**

4. At all times relevant to this Complaint, Plaintiff Timothy Watkins resided in Cook County, Illinois.

**ANSWER: This Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 4 which has the effect of a denial pursuant to Rule 8(b)(5).**

5. Defendants John Daley #101/627, Nick Nomikos #78, Jose Nevarez #611/673, Tim Gainer #602, Matthew Gainer #600, Ramiro Montes #638, Anthony Delgadillo #634, Major Coleman #689, Charles Leyden #636, Thomas Ashe #615, Dominica Tolbert (formerly Sims) #685/669, Erasmo Rodriguez #646, Keith Willoughby #648, Antonio Padron #606, Darryl Hope #687, Chanto Iverson #663/673, Michael Varkalis #167/651, Kurt Messer #645, Antonio Padron #606, William Alexander #640, Randall Zivkovich #672/617, Timothy Bolin #82, Steven Bowen #74, and Peter Belos #70 ("Defendant-Officers") are (or were at the time of the events alleged) duly appointed and sworn members of the South Suburban Major Crimes Task Force.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 5, which has the effect of a denial; under Rule 8(b)(5).**

6. Defendant-Officers are (or were at the time of the events alleged) employed at various suburban police departments and the Illinois State Police and are or were agents and/or employees of those municipalities and agencies, including the Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, City of Calumet City, and the Illinois State Police.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 6, which has the effect of a denial; under Rule 8(b)(5).**

7. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 7, which has the effect of a denial; under Rule 8(b)(5).**

8. The Defendant-Officers are sued in their individual capacities.

**ANSWER: Defendant admits**

9. Defendants Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, and City of Calumet City are municipal corporations, duly incorporated under the laws of the State of Illinois, and were the employers and principals of one or more of the Defendant-Officers at the time of the events alleged in this Amended Complaint.

**ANSWER: Defendant admits certain municipalities employed certain individual defendants.**

10. South Suburban Major Crimes Task Force is a non-profit entity comprised of suburban, county and state law enforcement agencies and law enforcement officers from various municipal, county and state agencies and acted as the employer, principal and/or organizational entity directing the conduct of the Defendant-Officers during the police investigation that is the subject of this Amended Complaint.

**ANSWER: Defendant admits it is a not for profit organization. Defendant denies all remaining allegations in this paragraph.**

**Facts**

11. On March 2, 2016, Vincent Means was shot and killed while driving in his vehicle near Will's Sports Bar in Burnham, Illinois.

**ANSWER: Defendant admits.**

12. The same day, the Burnham Police Department began a criminal investigation into the shooting.

**ANSWER: This defendant lacks sufficient knowledge to admit or deny the allegation in paragraph 12, which has the effect of a denial under Rule 8(b)(5).**

13. The Burnham Police Department activated the South Suburban Major Crimes Task Force to assist in the homicide investigation.

**ANSWER: Defendant admits.**

14. Defendant-Officers took part in the investigation into the shooting of Vincent Means as part of the South Suburban Major Crimes Task Force.

**ANSWER: This Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 14, which has the effect of a denial under Rule 8(b)(5).**

15. During the course of the investigation, Defendant Officers took steps to falsely implicate the Plaintiff in the March 2, 2016, shooting.

**ANSWER: Defendant denies.**

16. Defendant-Officers and other investigating officers knowingly, intentionally, and falsely implicated Plaintiff as being involved in the shooting, despite the lack of physical evidence, eyewitness evidence, and evidence of any kind implicating Plaintiff as the shooter.

**ANSWER: Defendant denies**

17. Specifically, Defendant-Officers and other involved officers, after examining the crime scene, watching surveillance videos, interviewing numerous witnesses, and examining other physical evidence, purposely misrepresented facts, and ignored exculpatory evidence that exonerated Plaintiff and evidence that implicated other potential suspects.

**ANSWER: Defendant denies.**

18. No eyewitnesses identified Plaintiff as the shooter.

**ANSWER: Defendant denies.**

19. A young woman who was the passenger in Vincent Means car described a possible suspect to investigators and participated in a photo line-up, yet did not identify Plaintiff as the shooter.

**ANSWER: Defendant denies.**

20. Nathan Parks, an individual that was with Plaintiff that evening, was arrested and held in a police station in Gary, Indiana based on a hold initiated by the Defendant-Officers.

**ANSWER: Defendant denies.**

21. Despite the lack of evidence that Plaintiff had anything to do with this shooting, Defendant-Officers questioned Nathan Parks about Plaintiff's involvement with the shooting.

**ANSWER: Defendant denies.**

22. Nathan Parks repeatedly denied Plaintiff was involved in the shooting and denied that he saw Plaintiff with a gun.

**ANSWER: Defendant denies.**

23. Defendant-Officers Daley and Nevarez aggressively and coercively questioned Nathan Parks while he was in their custody over the period of two days while Parks pleaded to be released.

**ANSWER: Defendant denies.**

24. Defendant-Officers detained, questioned, pressured and threatened Parks to say something to implicate Plaintiff in the shooting even though they knew there was no evidence that Plaintiff was involved in the shooting, and that Parks had no genuine information that Plaintiff was the shooter or otherwise involved.

**ANSWER: Defendant denies.**

25. Parks eventually made a false and coerced statement that implicated Parks in the shooting as the result of the Defendant-Officers' unlawful and unconstitutional interrogation.

**ANSWER: Defendant denies.**

26. Parks remained imprisoned in Gary, Indiana pursuant to the Defendant-Officers' orders for four more days until he was transported, in the Defendant-Officers' custody and at the Defendant-Officers' insistence, to the Cook County courthouse to provide false testimony before the Grand Jury implicating Plaintiff.

**ANSWER:  Defendant denies.**

27. After Parks testified falsely before the Grand Jury, the Defendant-Officers were waiting for Parks. They transported him to the south side of Chicago in their police vehicle where they released him on 95th Street.

**ANSWER: Defendant denies.**

28. Despite the lack of evidence that Plaintiff had anything to do with this shooting, Defendant-Officers wrote false and misleading reports and gave false and

6

misleading information to the State's Attorney's Office about the strength of evidence against Plaintiff in order to initiate criminal charges against him for murder.

**ANSWER: Defendant denies.**

29. Defendant-Officers did so knowing there was no probable cause to bring charges against the Plaintiff.

**ANSWER: Defendant denies.**

30. One or more of the Defendant-Officers then provided false and misleading testimony before the Grand Jury implicating Plaintiff in order to obtain a felony indictment against the Plaintiff.

**ANSWER: Defendant denies.**

31. On April 11, 2016, based on the Defendant-Officers' false reports, false statements to the state's attorney, and false testimony, and the coerced testimony from Parks, Plaintiff was indicted on eight counts of first-degree murder.

**ANSWER: Defendant denies.**

32. The case was docketed in the Cook County Courthouse as <u>People of the State of Illinois v. Timothy Watkins</u>, case number 16CR0552201.

**ANSWER: Defendant admits**

33. On March 4, 2016, based on the Defendant-Officers' knowingly false allegations and initiation of a warrant for his arrest, Plaintiff was arrested by Lansing Police Department and transported to the custody of Defendant Daley at the Burnham Police Department.

**ANSWER: Defendant admits Plaintiff was arrested, Defendant denies all remaining allegations in paragraph 33.**

34. Due to the serious nature of the charges, Plaintiff was unable to bond out during the pendency of the criminal case.

**ANSWER: Defendant denies.**

35. As a result, Plaintiff was imprisoned during his entire criminal prosecution and pretrial court proceedings.

**ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 35 which has the effect of a denial pursuant to Rule (b)(5).**

36. Defendant-Officers did not have probable cause to bring criminal charges for murder against Plaintiff related to shooting of Vincent Means, yet they took steps to commence and continue his prosecution anyway.

**ANSWER: Defendant denies.**

37. On April 26, 2023, a bench trial began in the criminal case the Defendant-Officers initiated against Plaintiff.

**ANSWER: Defendant admits.**

38. At trial, Parks recanted his prior statement and testimony implicating Plaintiff. Park's testimony at trial was consistent with the statements he repeatedly made to the Defendant-Officers when they began interrogating him stating that he did not have any information and did not believe that Plaintiff was involved in the shooting.

**ANSWER: Defendant denies.**

39. On May 1, 2023, the criminal court judge found Plaintiff not guilty on all charges because it was abundantly clear that there was no evidence that Plaintiff was involved in the shooting of Vincent Means.

**ANSWER: Defendant admits Plaintiff was found not guilty following a bench trial. Defendant denies all remaining allegations in paragraph 39.**

8

40. As a result of the Defendant-Officers' conduct, Plaintiff spent a total of 7 years imprisoned while the case was pending against him.

**ANSWER: Defendant denies.**

41. Defendant-Officers each personally participated in the unlawful conduct and acted jointly and in concert with their fellow members of the South Suburban Major Crimes Task Force, and/or acquiesced to or failed to intervene to stop the unlawful conduct of the Defendant-Officers who wrongfully alleged, charged and commenced the prosecution of Plaintiff for murder.

**ANSWER: Defendant denies.**

42. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress, loss of freedom, loss of society, loss of a normal life, and pecuniary damages.

**ANSWER: Defendant denies.**

## COUNT I
### (42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention and Wrongful Prosecution)

43. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

**ANSWER: Defendant restates and incorporates it responses to paragraphs 1-42 as said responses were set fully herein.**

44. Defendant-Officers, knowing that probable cause did not exist, acted individually, jointly, and/or in a conspiracy, to cause Plaintiff to be arrested, detained, charged and prosecuted for multiple first degree murder charges, or failed to intervene knowing that Plaintiff was being arrested, detained, charged and prosecuted without probable cause, thereby violating Plaintiff's right to be free from unreasonable seizure guaranteed to him by the Fourth Amendment of the United States Constitution.

**ANSWER: The allegations in this Count and in this Paragraph are not directed to this Defendant. Should it be determined that the allegations in this Count and in this Paragraph pertain to or otherwise apply to this Defendant, this Defendant denies paragraph 44 in its entirety.**

## COUNT II
### (State Law Claim for Malicious Prosecution)

45. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

**ANSWER: This Defendant restates and incorporates its responses to paragraphs 1-44 of the Amended Complaint.**

46. Defendant-Officers commenced and/or continued the criminal prosecution against Plaintiff for first-degree murder.

**ANSWER: The allegations in this Count and in this Paragraph are not directed to this Defendant. Should it be determined that the allegations in this Count and in this Paragraph apply to Defendant, this Defendant denies the allegations in this count and in this paragraph in their entirety.**

47. Defendant-Officers did so without probable cause or without a good faith basis, i.e. with malice.

**ANSWER: The allegations in this Count and in this Paragraph are not directed to this Defendant. Should it be determined that the allegations in this Count and in this Paragraph apply to Defendant, this Defendant denies the allegations in this Count and in this Paragraph in their entirety.**

48. Defendant-Officers had no probable cause to charge and cause the prosecution of Plaintiff for murder.

**ANSWER: The allegations in this Count and in this Paragraph are not directed to this Defendant. Should it be determined that the allegations in this Count and in this Paragraph apply to Defendant, this Defendant denies the allegations in this count and in this paragraph in their entirety.**

49. The charges were terminated in a manner favorable to Plaintiff when he was found not guilty at trial.

**ANSWER: The allegations in this Count and in this Paragraph are not directed to this Defendant. Should it be determined that the allegations in this count and in this paragraph apply to Defendant, this Defendant denies the allegations in this count and in this paragraph in their entirety.**

## COUNT III

### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

50. The acts of the Defendant-Officers described above were willful and/or wanton and committed in the scope of employment.

**ANSWER: Defendant denies.**

51. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, the Defendant- Officers' employers, including the South Suburban Major Crimes Task Force, Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, and City of Calumet City are liable for any judgments for damages and attorneys' fees and costs against the Defendant-Officers.

**ANSWER: Defendant denies.**

## COUNT IV

**(Malicious Prosecution Claim Against Defendant Employers -** *Respondeat Superior***)**

52. The acts of the Defendant-Officers, as described above, were committed in the scope of employment.

**ANSWER: This Defendant lacks sufficient knowledge to admit or deny the allegations in this paragraph which as the effect of a denial pursuant to Rule 8(b)(5).**

53. As principals and employers, Defendants South Suburban Major Crimes Task Force, Village of Burnham, Village of Dolton, City of Oak Forest, City of Calumet Park, Village of Riverdale, City of Markham, City of Blue Island, Village of South Holland, Village of Lansing, Village of Posen, and City of Calumet City are liable for their agents' actions under the doctrine of *respondeat superior* for the state law claim of malicious prosecution.

**ANSWER: Defendant denies.**

54. Furthermore, these Defendant employers are liable for the actions of any as yet unidentified officers that are their employees or agents and who were involved in and/or caused the malicious prosecution of Plaintiff as alleged in Count II.

**ANSWER: Defendant denies.**

**WHEREFORE, this Defendant prays that this Court enter judgment in its favor and against the Plaintiff and further requests this Court assess fees and costs against the Plaintiff as permitted by law.**

## JURY DEMAND

                Respectfully submitted,

                By: /s/ Patrick Ruberry
                One of the attorneys for Investigator C. Leyden and South Suburban Major Crimes Task Force

Patrick J. Ruberry
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL 60606
Phone: (312) 781-6675
Fax:    (312) 781-6630
ARDC# 6188844
ruberry@litchfieldcavo.com