UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WATKINS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     v. | ) |
| | ) |
| JOHN DALEY, NICK NOMIKOS, | ) Case No. 24 cv 3555 |
| JOSE NEVAREZ, TIMOTHY GAINER, | ) |
| MATTHEW GAINER, RAMIRO MONTES, | ) |
| ANTHONY DELGADILLO, MAJOR COLEMAN, | ) |
| CHARLES LEYDEN, THOMAS ASHE, | ) |
| DOMINICA TOLBERT, ERASMO RODRIGUEZ, | ) |
| KEITH WILLOUGHBY, ANTONIO PADRON, | ) |
| DARRYL HOPE, CHANTO IVERSON, | ) |
| MICHAEL VARKALIS, KURT MESSER, | ) |
| WILLIAM ALEXANDER, RANDALL | ) |
| ZIVKOVICH, TIMOTHY BOLIN, STEVEN | ) |
| BOWEN, PETER BELOS, | ) |
| CITY OF CALUMET PARK, VILLAGE OF | ) |
| RIVERDALE, CITY OF MARKHAM, CITY OF | ) |
| BLUE ISLAND, VILLAGE OF SOUTH | ) |
| HOLLAND, VILLAGE OF LANSING, | ) |
| VILLAGE OF POSEN, AND | ) |
| CITY OF CALUMET CITY | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANTS VILLAGE OF CALUMET PARK AND KEITH WILLOUGHBY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Village of Calumet Park and Officer Keith Willoughby (hereinafter "Calumet Park Defendants"), by their attorneys, Odelson, Murphey, Frazier & McGrath, Ltd., hereby move this Honorable Court to dismiss Plaintiff's Second Amended Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6), stating in support thereof as follows:

1

**Introduction:**

Plaintiff filed this lawsuit against 23 police officers, 11 municipalities and the South Suburban Major Crimes Task Force alleging he was wrongfully arrested and prosecuted for murder. On April 18, 2025, this Court granted the Calumet Park Defendants' motion to dismiss Plaintiff's first amended complaint (Dkt. #108), along with multiple other Defendants' motions to dismiss, for failing to adequately state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. #168). Specifically, the Court found that the Plaintiff's group pleading method failed to adequately put the moving Defendant Officers (other than Officer Daley) on notice of the claims against them. (*Id.,* p. 5). While the Court granted the Plaintiff leave to file a second amended complaint, Plaintiff failed to cure this pleading deficiency as against the Calumet Park Defendants. (Dkt. #174). Consequently, the Calumet Park Defendants move for dismissal from this lawsuit with prejudice pursuant to Rule 12(b)(6).

**Argument:**

"To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Catinella v. Cnty. of Cook, Illinois*, 881 F.3d 514, 517 (7th Cir. 2018), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft,* 556 U.S. at 676.

Plaintiff has failed to meet this standard with respect to Officer Willoughby. The only specifically-pled fact concerning Officer Willoughby contained in the second amended complaint is that he interviewed two individuals:

> "Calumet Park Defendant Willoughby, along with Defendant Leyden interviewed Will's employees, including a security guard and bartender (or bartender's family member)." (Dkt. #174, SAC, ¶61).

Unlike some of the allegations made against other Defendants, however, Plaintiff does not allege that there were any errors or misconduct with respect to Officer Willoughby's interview of these two individuals, or even that these two individuals had any pertinent information. (See, *e.g.,* in contrast, *Id.,* ¶s 44, 66, Officer Montes and Officer Alexander ignored and discredited witness' descriptions of the shooter that did not match the Plaintiff; *Id.,* ¶64, Officer Varkalis misrepresented evidence on applications for search warrants for Plaintiff's home and car; *Id.,* ¶73, Officer Daley misrepresented the evidence against Plaintiff during his grand jury testimony; etc.)

Instead, the only actual misconduct alleged against Officer Willoughby are the 'group pleading' allegations made against all the Defendants collectively that were previously found insufficient by this Court. (See Dkt. #174, ¶s 86-93, 96, 99, 105). Similar to the plaintiff in *Liera v. City of Chicago*, 2014 WL 3921359, at *3 (N.D. Ill., Aug. 5, 2014), Plaintiff Watkins is able to plead specific misconduct against some of the officers, but fails to allege any wrongful conduct against other Defendants, such as Officer Willoughby. Pursuant to *Liera* and multiple other decisions within this jurisdiction, Officer Willoughby is not put on notice of which misconduct he is alleged to have committed, and the allegations against the collective group do not survive a motion to dismiss.[1] The key to satisfying Rule 8's pleading standards is that the Plaintiff "put the defendants on notice of what exactly they might have done to violate [the Plaintiff's] rights." *Kuri*

---

[1] In the interests of judicial economy, the Calumet Park Defendants also respectfully refer this Court to the abundant case law cited by the Calumet Park Defendants in their motion to dismiss Plaintiff's First Amended Complaint (Dkt. #108), their reply brief (Dkt. #150), the co-Defendants' motions to dismiss and reply briefs, as well as the Court's Memorandum Opinion and Order (Dkt. #168) concerning the insufficiency of Plaintiff's group pleading method, rather than fully set forth the contents herein.

3

*v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014). Plaintiff has failed to meet this standard with respect to Officer Willoughby. Therefore, Counts I (Fourth Amendment claim for unlawful detention and wrongful prosecution pursuant to 42 U.S.C §1983) and II (Illinois state claim of malicious prosecution) brought against Officer Willoughby are subject to dismissal. The remaining derivative liability claims contained in Counts III (indemnification pursuant to 745 ILCS 10/9-102) and IV (*respondeat superior*) against Calumet Park consequently also fail. *Johnson v. Guevara*, 2025 WL 903813, at *39 (N.D. Ill. Mar. 24, 2025).

WHEREFORE, Defendants Village of Calumet Park and Officer Willoughby respectfully request that this Honorable Court dismiss them from this lawsuit with prejudice, and award them any such further relief the Court deems appropriate.

Respectfully submitted,

VILLAGE OF CALUMET PARK and
OFFICER KEITH WILLOUGHBY

By:    */s/ Amy E. Zale*
       One of their attorneys

Michael J. McGrath, mmcgrath@omfmlaw.com
Amy E. Zale, azale@omfmlaw.com
Odelson, Murphey, Frazier & McGrath, Ltd.
3318 W. 95th Street
Evergreen Park, IL 60805
708-424-5678

4