UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WATKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24 CV 3555 |
| SOUTH SUBURBAN MAJOR CRIMES TASK FORCE, VILLAGE OF BURNHAM, CITY OF OAK FOREST, VILLAGE OF DOLTON, CITY OF CALUMET PARK, VILLAGE OF RIVERDALE, CITY OF MARKHAM, CITY OF BLUE ISLAND, VILLAGE OF SOUTH HOLLAND, VILLAGE OF LANSING, VILLAGE OF POSEN, CITY OF CALUMET CITY, JOHN DALEY, NICK NOMIKOS, TIMOTHY BOLIN, STEVEN BOWEN, PETER BELOS, KURT MESSER, JOSE NEVAREZ, TIMOTHY GAINER, MATTHEW GAINER, RAMIRO MONTES, THOMAS ASHE, CHANTO IVERSON, MAJOR COLEMAN, DARRYL HOPE, ANTHONY DELGADILLO, CHARLES LEYDEN, DOMINICA TOLBERT, MICHAEL RODRIGUEZ, KEITH WILLOUGHBY, ANTONIO PADRON, MICHAEL VARKALIS, WILLIAM ALEXANDER, AND RANDALL ZIVKOVICH, | ) Judge Sunil R. Harjani ) ) Mag. Judge Heather K. McShain |
| Defendants. | |

**DEFENDANTS VILLAGE OF RIVERDALE AND ANTONIO PADRON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants Village of Riverdale and Antonio Padron (the "*Defendants*"), by and through their attorney, John P. Wise of Montana & Welch, LLC, respectfully move this Honorable Court to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants state as follows:

**I.     INTRODUCTION**

On April 18, 2025, the Court dismissed Counts I (Fourth Amendment claims for unlawful detention and wrongful prosecution under Section 1983) and II (malicious prosecution under

1

Illinois law) of the Amended Complaint against Defendant Padron since Plaintiff failed to adequately put him on notice of the claims against him. [Dkt. #168 at 8] Plaintiff failed to include information concerning Padron's personal involvement in the events forming the basis of his claims. The Court further dismissed Counts III (indemnification) and IV (*respondeat superior*) because these derivative claims rise or fall with the claims against the individual defendants, and Plaintiff failed to state claims against them. [Dkt. #168 at 8-9] The Court granted Plaintiff leave to file another amended complaint and instructed that it should include any other information currently available to Plaintiff concerning the Defendant Officers' personal involvement in the events forming the basis of his claims. [Dkt. At 8]

Now, Plaintiff has filed the Second Amended Complaint which does not cure the previous defects as they relate to Antonio Padron and the Village of Riverdale. Plaintiff fails to identify any personal involvement of this Defendant that is tantamount to any wrongdoing or violation of Plaintiff's rights. The sole allegations against Padron are as follows:

> Defendant Hope, along with Defendant Padron, interviewed a patron who described members of a car club that were acting aggressively in the club. The same patron stated he later witnessed the shooting as he exited the bar, after which the patron overheard someone statin a possible motive for the shooting. [Dkt. #174 at ¶53]

> Riverdale Defendant Padron interviewed Will's patrons and reviewed security footage from a nearby business, including interviewing a patron (along with Defendant Hope) who described car club members acting aggressively in Will's and then witnessing the shooting and hearing someone say there was a hit out on Means. [Dkt. #174 at ¶62]

These two allegations, out of a 118 paragraph, 18-page complaint, overlap and put forth essentially similar allegations against Defendant Padron. However, those allegations do not provide any basis to assert claims for unlawful detention, or wrongful or malicious prosecution. Once again, Plaintiff seeks to utilize general allegations against a multiplicity of officers without providing particularized allegations against Padron to sustain a cause of action against him. The

2

Second Amended Complaint fails to allege a cause of action based upon the personal liability or fault of Padron. Accordingly, the claims against Defendant Padron and the derivative claims against the Village of Riverdale must be dismissed.

## II. AUTHORITY FOR THE MOTION

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper where the plaintiff fails to state a claim upon which relief can be granted and where the defect appears on the face of the complaint. When evaluating a motion to dismiss, a court begins by "taking note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Then, turning to the complaint itself, it "accept[s] the well-pleaded facts in the complaint as true," but ignores "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 680– 81).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim that is plausible on its face." *Adams v. City of Indianapolis*, 742 F. 3d 720, 728 (7th Cir. 2014) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To do so, the complaint must meet two requirements. First, the complaint must describe the plaintiff's claims in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which its rests. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. 2008); *Lang v. TCF Nat'l Bank*, 249 Fed. App'x. 464, 466 (7th Cir. 2007). Second, the allegations in the pleading must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *Tamayo, supra.* A claim plausibly suggests a plaintiff has a right to relief when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Adams, supra* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the

3

plaintiff's allegations must tell "a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). If they don't, the complaint must be dismissed. *Iqbal*, 556 U.S. at 678.

While a Complaint does not need detailed factual allegations, it nonetheless is a plaintiff's obligation to provide the grounds for his/her entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* A Complaint will not suffice if it asserts "naked assertion[s]" devoid of further "factual enhancement." *Id* at 557. A complaint "must actually suggest that the plaintiff has a right to relief," as "it is no longer sufficient for a complaint to avoid foreclosing possible bases for relief." *Tamayo, supra* (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 736 (7th Dist. 2007)).

### III. ARGUMENT

**The Second Amended Complaint Against Officer Padron Fails to Adequately Allege Specific Acts to Sustain an Action**

As set forth above, Plaintiff fails to identify specific acts or involvement of Padron to sustain a cause of action but simply attempts to lump him in with the copious number of named defendants in relation to the alleged violation of Watkins' constitutional rights.

As a matter of substance, individual liability under section 1983 requires "personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (*quoting Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)). To state a claim, a complaint must contain enough facts to give rise to a plausible inference that each defendant personally participated in the alleged wrongdoing. *Martinez v. Wexford Health Servs., Inc.*, 2021 WL 1546429 (N.D. Ill. 2021) ("[T]he underlying analysis is whether the complaint, as a whole, creates the plausible inference that each defendant is liable for the act complained of."); *Moreno-Avalos v. City of Hammond*, 2017 WL 57850 (N.D. Ind. 2017) ("Plaintiff has failed to allege facts

4

sufficient to plausibly show that McDermott, Dabertin, or Taylor directly participated in a violation of her constitutional rights."); *see also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct.").

While there is no 'group pleading' doctrine, per se, that either permits or forbids allegations against defendants collectively, notice is required. *Robles v. City of Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019). The key is whether the complaint provides sufficient notice to each defendant. *Atkins v. Hasan,* 2015 WL 3862724 (N.D. Ill. June 22, 2015); *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007) ("at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."); *Liera v. City of Chicago,* 2014 WL 2811359 (N.D. Ill. August 5, 2015)(dismissing Plaintiff's complaint against thirty-two defendant officers because Plaintiff was only able to match allegations of specific conduct to 3 of the 35 defendant officers; therefore, the unspecified officers were not put on notice as to which actions Plaintiff alleged they committed). Group pleading is permissible where, "reading the allegations sensibly and as a whole, there is no genuine uncertainty regarding who is responsible for what." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013).

Here, as with the Amended Complaint, Plaintiff fails to raise an inference of unlawful conduct by Officer Padron and fails to place Padron on notice of the claims being brought against him. The only allegations related to Padron are that he, along with another officer, interviewed members of a bar and also viewed security footage. No allegations of misconduct are made with regard to Padron's involvement in the interview or review of footage. The only allegations of

misconduct are those included within the general group pleading allegations brought against all Defendant Officers.

Plaintiff, however, does assert individualized misconduct against other Defendant Officers, but not Officer Padron.

> Defendants Belos and Nomikos agreed and ratified the decision to pursue charging and prosecuting Plaintiff despite the lack of evidence…[Dkt. at ¶31]

> Defendants Belos and Nomikos failed to intervene in the other Defendant-Officers' actions to falsely implicate, charge and prosecute Plaintiff.. [Dkt. at ¶32]

> Defendant Montes interviewed a witness who stated that he was any eyewitness to the shooting, and provided a description of the shooter that did not match Plaintiff's appearance on the night of the shooting. Defendant Montes ignored and discredited that witness's account. [Dkt. at ¶44]

> Defendant Tolbert was aware that the passenger in Means' vehicle did not pick plaintiff out of the photo line-up and based on her interview of a patron of Will's was aware of other potential suspects based on witness interviews, yet continued to take active steps to pursue Plaintiff as a suspect to the exclusion of other possible leads and suspects. [Dkt. at ¶58]

> In his applications for search warrants to search Plaintiff's home and car, Defendant Varkalis misrepresented the evidence to support the SSMCTF team's theory that Plaintiff was the shooter, despite the lack of evidence implicating Plaintiff [Dkt. at ¶64]

> Prior to his grand jury testimony, Defendant Daley relayed information to the state's attorney to obtain an indictment against Plaintiff for murder, despite the lack of evidence that Plaintiff was the shooter. [Dkt. #174 at ¶71]

> In his conversation with state's attorney, Defendant Daley materially misrepresented the findings of the homicide investigation in order to implicate Plaintiff, and omitted information implicating other suspects or exculpating Plaintiff, in order to obtain an indictment against Plaintiff. [Dkt. #174 at ¶72]

> In this testimony to the grand jury, Defendant Daley materially misrepresented the evidence against Plaintiff [Dkt. #174 at ¶73]

> Parks eventually made a false and coerced statement that implicated Plaintiff in the shooting as the result of the Defendants Daley and Nevarez's unlawful and unconstitutional interrogation. Dkt. #174 at ¶79]

Plaintiff's inability or failure to match specific misconduct to Officer Padron requires dismissal of the Second Amended Complaint against Officer Padron. It also requires that the derivative claims against the Village of Riverdale, as his employer, be dismissed since those claims rise or fall with the claims against Padron.

Additionally, as to Count IV, *Malicious Prosecution Claim Against Defendant Employers – Respondeat Superior*, the Village of Riverdale, a local public entity, is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *745 ILCS 10/2-109*. As shown above, the claims against Defendant Padron must be dismissed and he is therefore not liable to Plaintiff. Accordingly, since the Village of Riverdale's employee is not liable, Plaintiff's claims against the Village of Riverdale are also barred by the Tort Immunity Act.

**WHEREFORE**, for the all the foregoing reasons, Defendants Antonio Padron and Village of Riverdale respectfully request that this Honorable Court grant their motion to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6), and for any other relief this Court deems just and appropriate.

| | |
|---|---|
| John P. Wise (6238380)<br>Montana & Welch, LLC<br>11950 S. Harlem Avenue – Suite 102<br>Palos Heights, Illinois 60463<br>708-448-7005<br>jwise@montanawelch.com | Respectfully submitted,<br>Antonio Padron and<br>Village of Riverdale,<br><br>By: */s/ John P. Wise*<br>One of their attorneys |