# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2024 cv 03555 |
| SOUTH SUBURBAN MAJOR CRIMES TASK | ) | |
| FORCE, VILLAGE OF BURNHAM, CITY OF | ) | |
| OAK FOREST, VILLAGE OF DOLTON, | ) | Hon. Sunil R. Harjani |
| CITY OF CALUMET PARK, VILLAGE OF | ) | |
| RIVERDALE, CITY OF MARKHAM, CITY OF | ) | |
| BLUE ISLAND, VILLAGE OF SOUTH | ) | Mag. Judge Heather K. McShain |
| HOLLAND, VILLAGE OF LANSING, | ) | |
| VILLAGE OF POSEN, CITY OF CALUMET | ) | |
| CITY, JOHN DALEY, NICK NOMIKOS, | ) | |
| TIMOTHY BOLIN, STEVEN BOWEN, | ) | |
| PETER BELOS, KURT MESSER, | ) | |
| JOSE NEVAREZ, TIMOTHY GAINER, | ) | |
| MATTHEW GAINER, RAMIRO MONTES, | ) | |
| THOMAS ASHE, CHANTO IVERSON, | ) | |
| MAJOR COLEMAN, DARRYL HOPE, | ) | |
| ANTHONY DELGADILLO, CHARLES | ) | |
| LEYDEN, DOMINICA TOLBERT, MICHAEL | ) | |
| RODRIGUEZ, KEITH WILLOUGHBY, | ) | |
| ANTONIO PADRON, MICHAEL VARKALIS, | ) | |
| WILLIAM ALEXANDER, AND RANDALL | ) | |
| ZIVOVICH, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS TIMOTHY BOLIN'S AND STEVEN BOWEN'S
## RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Timothy Bolin ("Bolin") and Steven Bowen ("Bowen") (collectively hereafter, the "Movants"), by and through their attorneys, Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby move this Court to dismiss all claims and causes of action brought against them in Plaintiff's Second Amended Complaint. In support thereof, Movants state as follows:

## **BACKGROUND**

On May 1, 2024 Timothy Watkins (the "Plaintiff") filed the instant action alleging, *inter alia,* that his constitutional rights were violated as a result of his arrest and prosecution for homicide. (Dkt. 1). On October 7, 2024, Plaintiff filed his first Amended Complaint to add additional defendants. (Dkt. 80). On October 29, 2024, Defendants Village of Burnham and John Daley, Nick Nomikos, Timothy Bolin, Steven Bowen, and Peter Belos (the "Burnham Defendant-Officers") filed a Rule 12(b) Motion to Dismiss for Failure to State a Claim. (Dkt. 109). The Burnham Defendant-Officers argued, in part, that Plaintiff's first Amended Complaint improperly relied on "group pleading," which failed to give fair notice of the alleged wrongful conduct in which each Burnham Defendant-Officer allegedly personally engaged. (*Id.*)

On April 18, 2025, this Court dismissed Counts I and II against the Burnham Defendant-Officers, including Movants, ruling that "Watkins' amended complaint is similar to complaints that have not survived a motion to dismiss." (Dkt. 168 at p. 7). The Court reasoned that it "cannot plausibly infer that all 23 Defendant Officers from 12 different police departments could have committed all of the alleged actions." (*Id.*). Finally, the Court opined that Plaintiff's Amended Complaint was "completely void of particularized wrongdoing allegations" against 21 of the named Defendant-Officers, including Movants. (*Id.*). On May 16, 2025, Plaintiff filed his Second Amended Complaint, pleading more particularized allegations against each of the Defendant-Officers. (Dkt. 174). As will be discussed in more detail below, Plaintiff's Second Amended Complaint suffers from the same pleading defects where it pertains to Movants.

According to Plaintiff's Second Amended Complaint, on March 2, 2016, Vincent Means was shot and killed while driving his vehicle near Will's Sports Bar in Burnham, Illinois. (Dkt. 174 ¶ 23). As a result, the Burnham Police Department activated the South Suburban Major Crimes

Task Force ("SSMCTF") to investigate the Means homicide. (*Id.* ¶¶ 24, 25). The SSMCTF was comprised of police officers who were employed by 11 different municipal police departments and the Illinois State Police. (*Id.* ¶¶ 5, 20–22). The Movants, Officers Bowen and Bolin, were both employed by the Village of Burnham[1] as police officers at the time of the Means homicide investigation. (*Id.* ¶ 7).

By Plaintiff's own assertions, Officer Bowen's ***only*** involvement in the Means homicide investigation was responding to the scene of the shooting shortly after the incident took place. (*Id.* ¶ 33). Similarly, according to Plaintiff, Officer Bolin's ***only*** involvement in the Means homicide investigation was responding to the scene of the shooting shortly after the event and testifying at the criminal trial where Plaintiff was tried for Means' murder. (*Id.* ¶¶ 33, 34). There are ***no other*** allegations in Plaintiff's Second Amended Complaint that specifically and individually identify Officers Bowen or Bolin by name. Plaintiff's failure to sufficiently state a claim against Movants in his Second Amended Complaint mandates the dismissal of all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

## **LEGAL STANDARD**

In order to survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chi. Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). In reviewing the

---

[1]Plaintiff also alleges that Co-Defendant Officers John Daley, Nick Nomikos, and Peter Belos were also employed as police officers by the Village of Burnham at the time of the Means homicide investigation. (*Dkt. 174* ¶ 7). These Co-Defendant Officers with the Village of Burnham will answer the Second Amended Complaint separately from this Motion.

sufficiency of a complaint under this standard, the court must accept as true all well-pleaded factual allegations. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). However, a court is not obligated to accept as true a legal conclusion couched as a factual allegation or unsupported conclusion of fact. *Tillman v. Burge*, 813 F. Supp. 2d 946, 959 (N.D. Ill. 2011). "[C]onclusory statements and labels are insufficient. Enough facts must be provided to 'state a claim for relief that is plausible on its face.'" *Torbert v. Campbell*, No. 24-cv-3167, 2025 WL 639326, at *1 (C.D. Ill. Feb. 27, 2025) (quoting *Alexander v., U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)). A complaint does not suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 677.

## ARGUMENT

The claims against Movants should be dismissed, because Plaintiff's Second Amended Complaint fails to give Movants fair notice of the claims against them and, more importantly, the basis of such claims. A complaint's ability to survive a Rule 12(b)(6) motion to dismiss challenge "inevitably turns on its ability to satisfy Rule 8 of the Federal Rules of Civil Procedure – the general rules of pleading a claim for relief." *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). The purpose behind Rule 8 is to ensure that both the defendant and the court have fair notice of the claims alleged. *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993). "The key to satisfying Rule 8 is that [a plaintiff] 'puts the defendants on notice of what exactly they might have done to violate [his] rights.'" *Gray v. City of Chi.*, No. 18 C 2624, 2019 WL 355 4239, at *5 (N.D. Ill. Aug. 1, 2019) (quoting *Kuri v. City of Chi.*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014)). Group pleading, through Plaintiff's repeated use of the grouping "Defendant-Officers" fails to differentiate or explain what each Movant did or did not do, and how they were involved in the purported actions giving rise to civil liability. *See, e.g., Atkins v. Hasan*, No. 15 C 203, 2015

4

WL 3862724, at *3 (N.D. Ill. June 22, 2015) (citing *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)) (noting complaints stating, "one or more of the Defendants" has engaged in certain conduct "does not adequately connect specific defendants to illegal acts.").

Group pleading fails not only because of the applicable pleading standard here, but also because Plaintiff's claims are brought pursuant to § 1983. In order to survive a motion to dismiss for a § 1983 claim, a plaintiff must connect specific defendants to illegal or unconstitutional acts. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault … [A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). It is well-established law in the 7th Circuit that liability under § 1983 does not attach unless an individual defendant caused or participated in a constitutional deprivation. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In order to maintain a cause of action under § 1983, a plaintiff must plead that a defendant "participated directly in the constitutional violation." *Id.* at 1039. "Liability is personal" and "each defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). A complaint based on a theory of collective responsibility must be dismissed. *Id.*

Plaintiff's Second Amended Complaint fails to correct the deficiencies that led this Court to dismiss Plaintiff's claims against Movants the first time, because despite the amended pleading, Plaintiff still has failed to put Movants on notice of the claims against them. [2] Initially, Plaintiff's first Amended Complaint asserted 21 allegations against the Defendant-Officers collectively and

---

[2] In the interest of judicial economy, Movants respectfully request this Court refer to the case law cited by Movants in their Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 109) concerning the insufficiency of Plaintiff's group pleading method.

only 1 allegation against two individually named Defendant-Officers. (Dkt. 80 at pp. 3–7). As this Court noted in its Opinion, Plaintiff admitted he "has access to documentation from his criminal case, including police reports, grand jury testimony, and other materials which should reveal which officers participated in key events such as witness interviews, report writing, and grand jury testimony." (Dkt. 168 at p. 8). As such, Plaintiff's Second Amended Complaint asserts 51 allegations against individually named Defendants and 24 more general allegations asserted against the collective group of "Defendant-Officers." (Dkt. 174 at pp. 4–16).

However, despite additional allegations connecting certain Defendant-Officers to specific acts, Plaintiff's Second Amended Complaint only names Officers Bolin and Bowen in 2 of those 51 allegations. (Dkt. 174 at p. 5). Most importantly, these two allegations, that Movants "responded to the scene of the shooting shortly after the shooting" and that "Defendant Bolin testified in the criminal trial where Plaintiff was tried for murder" do not allege that Movants engaged in wrongful conduct or deprived Plaintiff of his constitutional rights that would give rise to § 1983 civil liability. (*Id.* ¶¶ 33, 34). Plaintiff makes no assertion that Movants falsified evidence or concealed relevant evidence at the scene of the shooting. (*Id.* ¶ 35). Plaintiff makes no allegation that Officer Bolin testified *falsely* at Plaintiff's criminal trial. (*Id.* ¶ 36). Overall, Plaintiff has made no factual assertions that either Officers Bolin or Bowen violated Plaintiff's substantive or procedural due process rights. *See, e.g., Gray,* 2019 WL 3554239, at *6 (allegations that defendant officers fabricated evidence of arson); *Liera v. City of Chi.,* No. 13 C 9032, 2014 WL 3921359, at *4 (N.D. Ill. Aug. 5, 2014) (allegations that defendant officers suppressed exculpatory evidence); *Smith v. Village of Dolton,* No. 09-cv-6351, 2010 WL 744313, at *2 (N.D. Ill. Feb. 25, 2010) (allegations that defendant officers unlawfully searched and seized the plaintiff without a warrant or probable cause).

One final point, Plaintiff's default use of the "Defendant-Officers" catch-all throughout his Second Amended Complaint fails to adequately connect specific acts to Movants, such that it could provide them with the requisite notice regarding what counts they face and, most critically, why. Since Plaintiff has continued to utilize group pleading in a manner that deprives Movants with fair notice as to their personal involvement in wrongdoing, Plaintiff's Second Amended Complaint should be dismissed under Fed. R. Civ. P. 8(a) and under the personal involvement requirement of § 1983.

## **CONCLUSION**

WHEREFORE, Movants respectfully reiterate their request that this Court dismiss all claims and causes of action brought against Officers Timothy Bolin and Steven Bowen in Plaintiff's Second Amended Complaint and any other relief this court deems just and appropriate.

Respectfully Submitted,

TIMOTHY BOLIN AND STEVEN BOWEN

By: */s/ John P. Maniatis*
One of their attorneys

John P. Maniatis
jmaniatis@cmlawfirm.com
Kristine Barten
kbarten@cmlawfirm.com
CRUSER MITCHELL NOVITZ SANCHEZ
GASTON & ZIMET LLP
205 North Michigan Avenue
Suite 4240
Chicago, Illinois 60601
(312) 748-1302
Attorneys for Defendants Timothy Bolin
and Steven Bowen

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The Electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case (service list attached).

*/s/ John P. Maniatis*