UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 24 CV 03555 |
| SOUTH SUBURBAN MAJOR CRIMES TASK ) | |
| FORCE, VILLAGE OF BURNHAM, CITY OF ) | Judge Sunil R. Harjani |
| OAK FOREST, VILLAGE OF DOLTON, ) | |
| CITY OF CALUMET PARK, VILLAGE OF ) | Mag. Judge Heather K. McShain |
| RIVERDALE, CITY OF MARKHAM, CITY OF ) | |
| BLUE ISLAND, VILLAGE OF SOUTH ) | |
| HOLLAND, VILLAGE OF LANSING, ) | |
| VILLAGE OF POSEN, CITY OF CALUMET ) | |
| CITY, JOHN DALEY, NICK NOMIKOS, ) | |
| TIMOTHY BOLIN, STEVEN BOWEN, ) | |
| PETER BELOS, KURT MESSER ) | |
| JOSE NEVAREZ, TIMOTHY GAINER, ) | |
| MATTHEW GAINER, RAMIRO MONTES, ) | |
| THOMAS ASHE, CHANTO IVERSON, ) | |
| MAJOR COLEMAN, DARYL HOPE ) | |
| ANTHONY DELGADILLO, CHARLES LEYDEN,) | |
| DOMINICA TOLBERT, MICHAEL RODRIGUEZ, ) | |
| KEITH WILLOUGHBY, ANTONIO PADRON, ) | |
| MICHAEL VARKALIS, WILLIAM ALEXANDER,) | |
| AND RANDALL ZIVKOVICH, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS VILLAGE OF DOLTON, MAJOR COLEMAN, AND
DARYL HOPE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants, Village of Dolton, Major Coleman ("Detective Coleman"), and Daryl Hope ("Commander Hope") (collectively "the Dolton Defendants"), by and through their attorneys,

Kozacky Weitzel McGrath, P.C., respectfully move this Honorable Court to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, the Dolton Defendants state as follows:

**INTRODUCTION**

On October 7, 2024, Plaintiff, Timothy Watkins ("Plaintiff"), filed an Amended Complaint in this matter against numerous defendants, including the Dolton Defendants, alleging four counts: 1) 42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention and Wrongful Prosecution; 2) State Law Claim for Malicious Prosecution; 3) Claim for Indemnification Pursuant to 745 ILCS 10/9-102; and 4) Malicious Prosecution Claim against Defendant Employers – *Respondeat Superior*. (Dkt. No. 80). On October 29, 2024, the Dolton Defendants filed a Motion to Dismiss the Amended Complaint, arguing in pertinent part that Plaintiff improperly used "group pleading" as opposed to setting forth specific allegations against Detective Coleman and Commander Hope. (Dkt. No. 107). Several other defendants in this matter filed similar motions to dismiss.

On April 18, 2025, this Court granted the Dolton Defendants' Motion to Dismiss (and granted in whole or in part the motions to dismiss filed by the other defendants). (Dkt. No. 168). In its Memorandum Opinion and Order, this Court noted that the Amended Complaint contained specific allegations regarding the alleged misconduct of Defendant Officers Daley and Nevarez, but further stated, "[t]he amended complaint is completely void of particularized wrongdoing allegations against the other 21 Defendant Officers." *Id.* at 7. This Court thus found that Plaintiff "…fail[ed] to adequately put the moving Defendant Officers (except Defendant Daley) on notice of the claims against them.") *Id*. at 8.

On May 16, 2025, Plaintiff filed his Second Amended Complaint. (Dkt. No. 174). The Second Amended Complaint contains the same four counts as the Amended Complaint. Plaintiff

alleges that he was arrested in March 2016 and subsequently indicted for murder, resulting in his imprisonment until he was found not guilty at his criminal trial on May 1, 2023. (Dkt. No 174). The Second Amended Complaint names the South Suburban Major Crimes Task Force ("SSMCTF"), multiple municipalities, and 23 individual officers (the "Defendant Officers") as defendants and alleges that the Defendant Officers falsely implicated Plaintiff as the shooter in the aforementioned murder, ignored exculpatory evidence, coerced false testimony, and provided false information and testimony during the course of the investigation and prosecution of Plaintiff.

Although the Second Amended Complaint adds specific allegations against some of the Defendant Officers, it fails to plead sufficient specific allegations against Detective Coleman and Commander Hope. Indeed, of the 106 paragraphs of general factual allegations set forth by Plaintiff, there is only a single paragraph of specific allegations against Detective Coleman. Similarly, there are only four paragraphs specifically directed against Commander Hope. As explained in more detail below, none of the paragraphs directed against Detective Coleman or Commander Hope allege any wrongdoing against them. And the paragraphs that do allege wrongful conduct are either directed against defendants other than Detective Coleman and Commander Hope or are collectively and improperly made against "Defendant-Officers." (Dkt No. 174). Thus, the Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as to Detective Coleman and Commander Hope, because it fails to meet minimum pleading requirements to sufficiently allege that they were personally involved in any of the alleged misconduct. In turn, the counts directed against the Village of Dolton fail and must be dismissed as well.

## LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts accept as true the well-pled facts of a complaint and draw all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). A court is not required, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and not its merits. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Second Amended Complaint falls well short of this threshold as to Detective Colemand and Commander Hope.

## ARGUMENT

As mentioned above, there is only one paragraph in the Second Amended Complaint that contains specific allegations against Detective Coleman. Paragraph 52 alleges: "Dolton Defendants Coleman and Hope interviewed Will's patrons. Defendant Hope also interviewed Plaintiff's sister and girlfriend, executed a search warrant at Plaintiff's residence, and questioned Plaintiff's grandparents." (Dkt. No. 174, ¶ 52). In addition to this paragraph, there are only three other paragraphs of specific allegations against Commander Hope. They are as follows:

> 53. Defendant Hope, along with Defendant Padron, interviewed a patron who described members of a car club that were acting aggressively in the club. The same patron stated he later witnessed the shooting as he exited the bar, after which the patron overhead [*sic*] someone stating a possible motive for the shooting.
>
> 54. Upon information and belief, Defendant Hope and the other members of the

4

> SSMCTF, failed to do anything to further investigate the information from this patron even though the description of the car club members' clothing (vests) matched another witness's description of the shooter's clothing.
>
> 62. Riverdale Defendant Padron interviewed Will's patrons and reviewed security footage from a nearby business, including interviewing a patron (along with Defendant Hope) who described car club members acting aggressively in Will's and then witnessing the shooting and hearing someone say there was a hit out on Means.

(Dkt. No. 174, ¶¶ 53-54, 62).

Thus, the only specific allegation made against Detective Coleman is that he interviewed patrons at Will's Sports Bar. And the specific allegations about Commander Hope's conduct simply amount to the following: he conducted various interviews, executed a search warrant, and questioned Plaintiff's grandparents. These allegations are patently insufficient to establish claims for unlawful detention and wrongful prosecution in Count I against Detective Coleman and Commander Hope. Indeed, there are no specific allegations that Detective Coleman or Commander Hope ever detained Plaintiff or that they were involved in his prosecution in any way. Although there are additional allegations made against "the Defendant-Officers," they are deficient for the same reason they were found deficient in the Amended Complaint: they fail to put Detective Coleman and Commander Hope on notice of the claims against them. *See Atkins v. Hasan*, 2015 WL 3862724, *3 (N.D. Ill., June 22, 2015) ("Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief *must* include such particulars."); *see also Lattimore v. Village of Streamwood*, 2018 WL 2183991 (N.D. Ill., May 11, 2018) (internal citation omitted) ("[W]hen bringing constitutional claims under 42 U.S.C. §1983, individual liability requires personal involvement in the alleged constitutional violation. In other words, under §1983, an individual is only liable for his or her own misconduct.")

In *Lattimore*, the plaintiffs failed to identify what seven out of the eight individual defendant officers did or did not do in relation to plaintiff's claims, and therefore the court found that "Plaintiffs' allegations fall short of stating plausible claims for relief against Defendant Officers." *Lattimore,* 2018 WL 2183991*, *4. See also Carter v. Dolan*, 2009 WL 1809917, *3 (N.D. Ill., June 25, 2009) ("A complaint that refers to multiple police officer defendants collectively as 'defendant officers' in each of the factual allegations does not provide each defendant officer with sufficient notice of the wrongdoings alleged"). In a case similar to the instant one, *Liera v. City of Chicago*, 2014 WL 3921359 (N.D. Ill., Aug. 5, 2014), the court granted the defendant officers' motion to dismiss, stating:

> more recent decisions from this district have addressed whether a plaintiff must allege specific conduct against each defendant, and have determined that allegations against collective groups do not survive motions to dismiss because defendants are not put on notice of the claims against them. In this case, plaintiffs are able to match specific conduct only to three defendant officers, but bring the complaint against an additional thirty-five police officers without alleging which officers were at which location or which officers participated in the alleged wrongful conduct. Thus, the Unspecified Defendants are not on notice of which actions they are alleged to have committed. *Id.* at *3.

Again, although Plaintiff has added specific allegations in the Second Amended Complaint against the Defendant Officers, none of the specific allegations added as to Detective Coleman and Commander Hope allege any wrongful or illegal conduct. And, while referring to 'the defendants' without further specification may sometimes adequately plead personal involvement where it is clear that the plaintiff is directing their allegations "at all the defendants," (*Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009)), in this case it is highly implausible that all 23 Defendant Officers engaged in all the misconduct alleged in the Second Amended Complaint against "Defendant-Officers." *See Ashcroft*, 556 U.S. at 663-64 ("determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common

6

sense.")

Fed. R. Civ. P. Rule 8(a)'s notice pleading standard applies to pendant state law claims that are pleaded in federal court. *Christensen v. County of Boone, IL*, 483 F.3d 454, 459 (7th Cir. 2007). In order to state a claim for malicious prosecution, a plaintiff must allege "the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence." *Lyttle v. Killackey*, 528 F.Supp.2d 818, 833 (N.D. Ill., 2007) (internal citation omitted). Again, there are no specific allegations in this regard against Detective Coleman or Commander Hope. Thus, Plaintiff has insufficiently pleaded a purported state law claim of malicious prosecution in Count II against Detective Coleman and Commander Hope.

Finally, given that Counts III and IV of the Second Amended Complaint as to the Village of Dolton are contingent on Plaintiff's establishing liability against Detective Coleman and Commander Hope in Counts I and/or II, Counts III and IV should be dismissed as to the Village of Dolton given that Counts I and II fail as to Detective Coleman and Commander Hope.

WHEREFORE, Defendants Village of Dolton, Major Coleman, and Daryl Hope respectively request that this Honorable Court dismiss them from this lawsuit, and award them any such further relief the Court deems appropriate.

Respectfully submitted,
**KOZACKY WEITZEL MCGRATH, P.C.**

By: /s/ Sean N. Knoll
One of the Attorneys for Defendants

Alastar S. McGrath (ARDC No. 6270249)
Sean N. Knoll (ARDC No. 6324177)
KOZACKY WEITZEL MCGRATH, P.C.
77 W. Wacker Drive, Suite 4500

Chicago, Illinois 60601
(312) 696-0900
amcgrath@kwmlawyers.com
sknoll@kwmlawyers.com