IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WATKINS, | |
| Plaintiff, | Case No. 24 cv 03555 |
| v. | Honorable Sunil R. Harjani |
| SOUTH SUBURBAN MAJOR CRIMES TASK FORCE, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff was charged with the murder of Vincent Means, spent seven years in pretrial detention, but was ultimately acquitted at trial by a state court judge. Plaintiff maintains that he was falsely implicated in the murder by eighteen police officers and investigators from nine different municipalities who participated in a task force,[1] and has sued them under Title 42, United States Code, Section 1983 and Illinois state law for violations of his constitutional rights. This Court previously dismissed claims against Defendants Village of Dolton, Detective Major Coleman, and Commander Darryl Hope as well as the Village of South Holland and Investigator Chuck Leyden, but Plaintiff has now refiled those claims in a Second Amended Complaint. Those defendants have once again moved to dismiss, contending that Plaintiff failed to correct the deficiencies the Court previously identified, and thus has failed to adequately state plausible claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] However, because the revised allegations provide enough notice of the legal claims asserted and sufficiently allege that the officers caused Plaintiff's prosecution by providing false and misleading information to the Cook County State's Attorney's Office, defendants' motions [196] [202] are denied.

**Legal Standard**

  "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a]

---

[1] These numbers reflect the Defendants who remain in this lawsuit as of the date of this Order.

[2] Coleman has since been voluntarily dismissed from this case, so the motion brought by the Village of Dolton, Coleman, and Hope remains pending only as to the Village of Dolton and Hope.

1

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Heredia v. Capital Management Services, L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

## Discussion

The Court previously found that Plaintiff's use of group pleading in the First Amended Complaint (FAC) failed to put the Defendant Officers, except Defendant Daley, on notice of the claims against them and dismissed the FAC against those defendants that had moved to dismiss the complaint. *See* 2025 WL 1148472. The Court allowed Plaintiff to file an amended complaint that included "any other information currently available to Watkins concerning the Defendant Officers' personal involvement in the events forming the basis of his claims." *Id.* at *4. Plaintiff filed a Second Amended Complaint (SAC) reasserting the same four counts: a Fourth Amendment claim for unlawful detention and wrongful prosecution under Section 1983 (Count I); a malicious prosecution claim under Illinois law (Count II); indemnification against the municipal employers and the task force under the Illinois Tort Immunity Act, 745 ILCS 10/9-102 (Count III); and *respondeat superior* against the municipal employers and the task force for the malicious prosecution claim under Illinois law (Count IV). This time, Plaintiff added additional facts to correct the deficiencies the Court had identified.

The Dolton and South Holland Defendants[3] both move to dismiss the SAC on similar grounds. They argue that Counts I and II must be dismissed because, while Plaintiff has alleged specific facts with respect to Hope and Leyden's personal involvement in the police investigation, his use of group pleading in the SAC violates Federal Rule of Civil Procedure 8, and the SAC fails to state a claim for malicious prosecution. These defendants also argue that Counts III and IV must be dismissed because those counts are contingent on Plaintiff establishing claims against Hope and Leyden.

## Group Pleading and Notice

The Dolton Defendants argue that the SAC fails to sufficiently allege that Hope was personally involved in any of the alleged misconduct, and that the complaint paragraphs that do allege wrongdoing rely on impermissible group pleading against all the Defendant Officers. The South Holland Defendants similarly argue that Plaintiff has failed to sufficiently allege Leyden's personal involvement in the alleged wrongdoing and that the conduct described in the allegations directed at Leyden specifically does not violate the Constitution or state law.

A plaintiff may rely on group pleading so long as the allegations provide notice to each defendant of the contours of the claims against them. *See Fulton v. Bartik*, 547 F. Supp. 3d 799, 810 (N.D. Ill. 2021). While there is no bright line rule, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to

---

[3] For ease of reference, the Court will refer to the Village of Dolton and Hope as the "Dolton Defendants" and the Village of South Holland and Leyden as the "South Holland Defendants."

2

which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer." *Koh v. Graf*, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013). A complaint that directs claims or allegations at all the defendants does not necessarily fail to provide notice; rather, when a plaintiff specifies that some or all claims or allegations are directed at all the defendants, each defendant must defend against *all* those claims or allegations. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009); *Gorgas v. Amazon.com*, Inc., 2023 WL 4209489, at *3 (N.D. Ill. June 23, 2023).

In their motions, the moving Defendants isolate and focus on the paragraphs that identify them individually and argue that the conduct alleged in those specific paragraphs fails to state any wrongdoing. However, the Seventh Circuit cautions that allegations must be read "sensibly and as a whole." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013). While certain paragraphs allege wrongdoing specifically against individual officers, there are also allegations of wrongdoing directed at all the Defendant Officers. Thus, the issue is whether the individual allegations against Hope and Leyden, when read in connection with the allegations of wrongdoing directed at all the Defendant Officers, give Hope and Leyden sufficient notice of the claims against them.

When comparing the revised complaint to the prior complaint, Plaintiff has significantly expanded the factual allegations against all the Defendants, including Hope and Leyden. The SAC alleges in particular how each individual defendant participated in the investigation. As to Hope, Plaintiff alleges that he interviewed patrons at the bar (including a witness to the shooting) and Plaintiff's sister and girlfriend, executed a search warrant at Plaintiff's residence, and questioned Plaintiff's grandparents. [174] ¶¶ 52–54, 62. As to Leyden, the SAC alleges he interviewed patrons, security guards, and a bartender, conducted a neighborhood canvass, retrieved and reviewed video footage, executed a search warrant and conducted searches of Plaintiff's residence, and questioned Plaintiff's grandparents. *Id.* ¶¶ 55–56, 61.

The SAC also contains allegations against the "Defendants" or "Defendant Officers" collectively. These allegations include that:

- "Each and every Defendant, as part of their duties and their involvement in the SSMCTF and the homicide investigation, drafted written reports and verbally reported to other members of the [task force] and to their supervising officers." (¶ 83)

- "During the course of the investigation and as part of their role in the SSMCTF, Defendants regularly met and shared information and made decisions about the course of the investigation, including what leads to follow up on, what information to ignore or discount, and the decision to pursue Plaintiff as a suspect." (¶ 84)

- "Defendants, individually and collectively, provided information – based on their written and verbal reports as well as the information shared in other ways during the investigation – to the Cook County State's Attorney's Office

3

> regarding the progress of the investigation and, at some point, to seek felony charges, including the charge of murder, against Plaintiff." (¶ 85)

- "During the course of the investigation, Defendant Officers took steps to falsely implicate Plaintiff in the March 2, 2016, shooting." (¶ 86)

- "Defendant-Officers knowingly, intentionally, jointly and by agreement, falsely implicated Plaintiff as being involved in the shooting, despite the lack of physical evidence, eyewitness evidence, and evidence of any kind implicating Plaintiff as the shooter." (¶ 88)

- "Specifically, Defendant-Officers and other involved officers, after examining the crime scene, watching surveillance videos, interviewing numerous witnesses, and examining other physical evidence, purposely misrepresented facts, and ignored, omitted and undermined exculpatory evidence that exonerated Plaintiff and evidence that implicated other potential suspects." (¶ 89)

- "Despite the lack of evidence that Plaintiff had anything to do with this shooting, Defendant-Officers wrote false and misleading reports and gave false and misleading information to the Cook County State's Attorney's Office about the strength of evidence against Plaintiff in order to initiate and pursue criminal charges against him for murder." (¶ 92)

Here, Plaintiff "does not employ ambiguous formulations of collective action by multiple defendants." *Robles v. City of Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019). Rather, a straightforward and sensible reading of the SAC indicates that when Plaintiff makes allegations against the "Defendants" or "Defendant Officers," he is making those allegations against each and every Defendant Officer, including Hope and Leyden. *See Brooks*, 578 F.3d at 582 ("Brooks adequately pleads personal involvement, because he specifies that he is directing this allegation at all of the defendants."); *Hill v. Cook Cnty.*, 463 F. Supp. 3d 820, 836 (N.D. Ill. 2020) (complaint gave sufficient notice when the plaintiff alleged that individual officers were members of an investigation, that the "investigation team fabricated evidence, failed to document exculpatory evidence, and otherwise withheld evidence," and that the individual defendants "acted jointly in this misconduct"). Each Defendant Officer, including Hope and Leyden, is alleged to have agreed to falsely implicate Plaintiff in murder, ignored exculpatory evidence, written false and misleading police reports, and given false and misleading information to the Cook County State's Attorney's Office. Hope and Leyden do not have to speculate as to which allegations pertain to them – they must defend against all the allegations directed at all the "Defendants" or "Defendant Officers." *See Gorgas*, 2023 WL 4209489, at *3.

    The Dolton Defendants argue that it is implausible that all the Defendant Officers engaged in all the misconduct alleged against "Defendant Officers." [196] at 6. "Making the plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). When determining whether allegations directed at multiple defendants are plausible, courts consider the underlying conduct and the number of defendants to which the allegations are directed. *Compare Earl v. Howard*, 2017 WL 2779797, at *3 (N.D. Ill. June 27, 2017) ("As it stands, Plaintiff's allegations fail to adequately put each individual Defendant on notice of Plaintiff's constitutional claims because it is implausible that approximately 85 Defendants are liable for the same conduct based on the current allegations."), *with Karney v. City of Naperville*, 2016 WL 6082354, at *7 (N.D. Ill. Oct. 18, 2016) (finding group pleading permissible where the "case only involves two police officer defendants, both of whom appear from the allegations to have been present and involved in the conduct of which Plaintiff complains").

While the Court previously concluded that it could not plausibly infer that all the Defendant Officers (there were twenty-three at the time) could have committed all the actions alleged in the prior complaint, the same is not true for the SAC. Notably, except for two paragraphs that asserted allegations against Defendant Nevarez and/or Defendant Daley specifically, the prior complaint did not allege any facts against individual officers and directed all the allegations of wrongdoing at every Defendant Officer. In the SAC, Plaintiff has identified which aspects of the investigation each individual officer participated in based on the information known to him, and not all the allegations of wrongdoing are directed at all the Defendant Officers. As described above, the allegations that are directed at all Defendants can be summarized as: communicating with other members of the task force, agreeing to falsely implicate Plaintiff in the murder, purposefully misrepresenting the facts and ignoring exculpatory evidence, writing false and misleading police reports, and giving false and misleading information to the State's Attorney's Office. *See* [174] ¶¶ 83–89, 92–93, 99, 105. Plaintiff alleges that all the Officer Defendants are part of the same task force, participated in the same investigation, and agreed to falsely implicate Plaintiff in the murder. Given all of this, the Court finds that it is not implausible that all the Officer Defendants engaged in the conduct alleged as members of a joint task force. Case law from this district supports this conclusion. *See Robles*, 354 F. Supp. 3d at 876 ("[T]here is nothing implausible here about the allegation that each of the [eleven] defendants participated in the unlawful search. The defendants are alleged to have been assigned to a single operational unit, so it may reasonably be inferred that they worked regularly together and would not, when executing a search warrant, stand idly by while other officers carried out the search."); *Gomez v. Rihani*, 2021 WL 1165095, at *3 (N.D. Ill. Mar. 26, 2021) ("In a case accusing a joint (but not sprawling) sting operation by two law enforcement agencies as a sham investigation, there is nothing wrong with accusing all of the Defendants of the misconduct . . . this is an adequate way to plead individual responsibility at the motion to dismiss phase."); *Sibley v. Dart*, 2019 WL 670270, at *4 (N.D. Ill. Feb. 19, 2019) (allegations directed at twenty-one defendant correctional officers was not improper when "the challenged conduct. . . is relatively straightforward").[4]

To be sure, Plaintiff will still have to prove his claims against each of the Defendant Officers, and the Court "offer[s] no opinion on the ultimate merits because further development of

---

[4] In his Response, Plaintiff asserts additional facts about Defendant Hope's conduct and argues that if the allegations in the SAC are not sufficient, the additional facts can be properly considered. *See* [229] at 10–12. Because the Court finds that the SAC is sufficient, the Court does not consider the additional facts raised by Plaintiff or the parties' arguments as to whether the Court may consider them.

the record may cast the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020). Plaintiff has an obligation not to proceed with frivolous litigation pursuant to Rule 11, and discovery may also reveal that Plaintiff cannot meet his burden against one or more Defendants. But that is a decision for another day.

### Malicious Prosecution

The moving Defendants also argue that Plaintiff has failed to state a claim for malicious prosecution. The Dolton Defendants argue that to state such a claim, a plaintiff must allege "the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence" and Plaintiff has not made such allegations specifically as to Hope. [196] at 7 (quoting *Lyttle v. Killackey*, 528 F.Supp.2d 818, 833 (N.D. Ill. 2007)). In a similar vein, the South Holland Defendants argue that the allegations do not suggest that Leyden "caused the commencement and/or continuation of the criminal prosecution" or that "Leyden signed a complaint or urged the State's Attorney's Office to move forward with the prosecution." [202-1] at 8.

To state a claim for malicious prosecution under Illinois law, a plaintiff must prove "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 26, 131 N.E.3d 488, 495 (internal quotation marks omitted). "Police officers may be subject to liability for malicious prosecution if they initiate a criminal proceeding by presentation of false statements, or by withholding exculpatory information from the prosecutor." *Id.* ¶ 44 (cleaned up). The Seventh Circuit has acknowledged that a malicious prosecution action against police officers is "anomalous" because "the State's Attorney, not the police, prosecutes a criminal action." *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). The appellate court stated that "[i]t is conceivable that a wrongful arrest could be the first step towards a malicious prosecution," but "the chain of causation is broken by an indictment, *absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor*." *Id.* (emphasis added). In *Reed*, the Seventh Circuit favorably cited *Senra v. Cunningham*, 9 F.3d 168 (1st Cir. 1993). In *Senra*, the First Circuit reasoned that communicating false information to a prosecutor can give rise to a claim for malicious prosecution against a police officer because "[i]f the evidence upon which the prosecutors based the filing of the information was false, the state prosecutors could not have exercised their discretion. As a result, the actions of the prosecutors would not have insulated the police officers from suit for malicious prosecution." 9 F.3d at 174.

Here, Plaintiff has alleged that the Defendant Officers, including Hope and Leyden, agreed to falsely implicate Plaintiff for murder, and in doing so, submitted false and misleading police reports to the State's Attorney's Office to initiate criminal proceedings. Then, based on the "compromised investigation, false reports, false statements to the state's attorney, and false testimony, as well as the coerced testimony" from a witness, Plaintiff was indicted. [174] ¶ 94. This is the type of scenario that the Seventh Circuit suggested in *Reed* can give rise to a malicious prosecution claim against a police officer. 77 F.3d at 1053; *see also Sopron v. Cassidy*, 2022 WL

971563, at *11 (N.D. Ill. Mar. 31, 2022) ("Plaintiff alleges that the Officers agreed with all individual Defendants to falsely accuse and arrest Plaintiff for the murders, despite knowing that Plaintiff was not involved based on their extensive and documented investigation . . . That is sufficient to create, at this preliminary stage, the inference that the Officers played a 'significant role' in the arrest, prosecution, and conviction of Plaintiff."); *Johnson v. Winstead*, 447 F. Supp. 3d 715, 722 (N.D. Ill. 2019) ("Given the reasonable inference that the misinformation they elicited and knowingly provided to prosecutors would have informed the prosecutors' bringing and continuing the prosecution, [plaintiff] has alleged facts sufficient to allow the inference that [the defendant officers] commenced or continued the criminal proceeding against him."). For now, this claim may proceed to discovery.

### Counts III and IV

Finally, the moving Defendants argue that the claims for indemnification and *respondeat superior* in Counts III and IV should be dismissed because such claims are contingent upon Plaintiff establishing claims against Hope and Leyden individually. Because the Court has found that Counts I and II may proceed against Hope and Leyden, the Court denies the moving Defendants' motions as to Counts III and IV.

### Conclusion

For the reasons stated above, the Dolton Defendants' motion to dismiss [196] and the South Holland Defendants' motion to dismiss [202] are denied.

**SO ORDERED.**

Dated: September 26, 2025

Sunil R. Harjani
United States District Judge