**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTH SUBURBAN MAJOR CRIMES TASK | ) Case No. 24 CV 3555 |
| FORCE, VILLAGE OF BURNHAM, CITY OF | ) |
| OAK FOREST, VILLAGE OF DOLTON, CITY | ) |
| OF MARKHAM, CITY OF BLUE ISLAND, | ) Judge Sunil R. Harjani |
| VILLAGE OF SOUTH HOLLAND, VILLAGE | ) Mag. J. Heather K. McShain |
| OF LANSING, VILLAGE OF POSEN, CITY | ) |
| OF CALUMET CITY, JOHN DALEY, | ) |
| NICK NOMIKOS, PETER BELOS, KURT MESSER, | ) |
| JOSE NEVAREZ, TIMOTHY GAINER, | ) |
| MATTHEW GAINER, RAMIRO MONTES, | ) |
| THOMAS ASHE, CHANTO IVERSON, | ) |
| MAJOR COLEMAN, DARRYL HOPE, | ) |
| ANTHONY DELGADILLO, CHARLES LEYDEN, | ) |
| DOMINICA TOLBERT, MICHAEL RODRIGUEZ, | ) |
| MICHAEL VARKALIS, WILLIAM ALEXANDER, | ) |
| AND RANDALL ZIVKOVICH, | ) |
| | ) |
| Defendants. | ) |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of

this order; accordingly, it is ORDERED:

1.    **Scope.**  All materials produced or adduced in the course of discovery,

including initial disclosures, responses to discovery requests, deposition testimony and

exhibits, responses to subpoenas, and information derived directly therefrom

(hereinafter collectively "documents"), shall be subject to this Order concerning

Confidential Information as defined below. This Order is subject to the Local Rules of

1

this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party, person, or entity that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) training, research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel, employment, or disciplinary records; (h) privileged information and attorney work product prepared or exchanged in the course of the underlying lawsuit by, between or among defense counsel; or (i) confidential settlement information prepared or exchanged in the course of the underlying lawsuit; or (j) documents received or obtained in response to subpoenas, if they fall into categories (a) to (i) even if the producing entity did not designate them as confidential, upon Notice of Designation by any party pursuant to the process described in para. 3. Information or documents that are available to the public may not be designated as Confidential Information

3. **Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies"

2

includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)    In light of this Order, to the extent any party seeks to designate any document already produced as Confidential Information, within thirty (30) days of this Order, a party must serve a Notice of Designation to all parties of record identifying by bates number the specific document(s) that it is designating as Confidential Information.

(c)    The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

4.    **Depositions**.

Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain

Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until and unless challenged by a party pursuant to the procedures in para. 9. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying any additional specific portions of the transcript to be designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order (unless the designation is challenged by a party pursuant to the procedures in para. 9). The failure to serve a timely Notice of Designation as to additional portions or to designate portions on the record at the time the testimony is taken waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

5.     **Protection of Confidential Material.**

**(a)     General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b)     Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1) Counsel**. Counsel for the parties and employees of counsel who

4

have responsibility for the action, including paralegals, law clerks, or clerical staff working with the attorneys;

**(2) Parties.** Individual parties and their present employees, officers and directors, but only to the extent counsel determines in good faith that the employee, officer or director's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel;**

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6) Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7) Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**(8) Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)     Control of Documents**. Counsel for the parties shall make

reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential

5

Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

      **6.**     **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is  treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

      **7.**     **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2 and any other applicable rules of the Court.

      **8.**     **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless

the party moves for an order providing such special protection.

**9.** **Challenges by a Party to Designation as Confidential Information.**
The designation of any material or document as Confidential Information is subject to
challenge by any party. The following procedure shall apply to any such challenge.

**(a)** **Meet and Confer**. A party challenging the designation of
Confidential Information must do so in good faith and must begin the process by
conferring directly with counsel for the designating party. In conferring, the challenging
party must explain the basis for its belief that the confidentiality designation was not
proper and must give the designating party an opportunity to review the designated
material, to reconsider the designation, and, if no change in designation is offered, to
explain the basis for the designation. The designating party must respond to the
challenge within five (5) business days.

**(b)** **Judicial Intervention.** A party that elects to challenge a
confidentiality designation may file and serve a motion that identifies the challenged
material and sets forth in detail the basis for the challenge. Each such motion must be
accompanied by a competent declaration that affirms that the movant has complied
with the meet and confer requirements of this procedure. The burden of persuasion in
any such challenge proceeding shall be on the designating party. Until the Court rules
on the challenge, all parties shall continue to treat the materials as Confidential
Information under the terms of this Order.

**10.** **Action by the Court.** Applications to the Court for an order relating to
materials or documents designated Confidential Information shall be by motion.
Nothing in this Order or any action or agreement of a party under this Order limits the

7

Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11.     Use of Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than (3) three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

**(b)**     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**     The purpose of imposing these duties is to alert the interested

8

persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.**  The limitations on use and disclosure of Confidential Information set forth in the Order shall survive final disposition of this action. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

9

16.    **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    <u>**Persons Bound.**</u>  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:
October 22, 2025

_Heather K. McShain_
HEATHER K. McSHAIN
U.S. Magistrate Judge


**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**


<u>/s/Amanda S. Yarusso</u>
*Attorney for Plaintiff*

Amanda S. Yarusso
1180 N Milwaukee Ave
Chicago IL 60642
773-510-6198
amanda.yarusso@gmail.com

Nora Snyder, Ben Elson,
Brad J. Thomson, Tayleece Paul, Flint Taylor
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
norasnyder@peopleslawoffice.com

10

ben@peopleslawoffice.com
brad@peopleslawoffice.com
tayleece@peopleslawoffice.com

/s/Michael Victor
*Attorney for Defendants City of Oak Forest and Officer Michael Varkalis*

Michael Victor
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, IL 60062
(224) 406-8410
mvictor@ifmklaw.com

/s/ Elizabeth J. Andonova Mallory
*Attorney for Defendants Thomas Ashe, Matthew Gainer, Timothy Gainer, Chanto Iverson, Kurt Messer, Ramiro Montes, and Jose Nevarez*

Elizabeth J. Andonova Mallory
Connor Q. Hollander
Assistant Attorneys General
General Law Bureau – Civil Rights Unit
Government Representation Division
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-4355
E.AndonovaMallory@ilag.gov

/s/John P. Maniatis
*Attorney for Defendants Village of Burnham, John Daley, Nick Nomikos, and Peter Belos*

John P. Maniatis
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
205 N Michigan Ave, Suite 4240
Chicago, Illinois 60601
(312) 748-1304
jmaniatis@cmlawfirm.com

/s/Sean Knoll
*Attorney for Defendants Village of Dolton and Darryl Hope*

Sean Knoll
Kozacky Weitzel McGrath, P.C.

11

77 West Wacker Drive, Suite 4500
Chicago, IL 60601
312.696.0900 (Office)
312.907.5652 (Direct Dial)
sknoll@kwmlawyers.com

/s/Patrick J. Ruberry
*Attorney for Defendants Charles Leyden, Village of South Holland and the South Suburban Task Force*

Patrick Ruberry
Litchfield Cavo LLP
303 West Monroe Street, Suite 300
Chicago, IL 60606
312.781.6675
Ruberry@LitchfieldCavo.com

/s/[did not hear from counsel for these Defendants]
*Attorney for Defendants Calumet City and Randall Zivkovich*

Patrick W. Walsh
Attorney at Law
33 S. Garfield St.
Hinsdale, IL 60521
630-794-0300
patrick@pwalsh.com and jennifer@pwalsh.com

/s/Jeffrey D. Skly
*Attorney for Defendants Village of Posen and William Alexander*

Jeffrey D. Skly
Peterson, Johnson & Murray, LLC
1301 W. 22nd Street, Suite 500
Oak Brook, IL 60523
(312) 782-7150
jskly@pjmlaw.com

/s/Eydie R. Glassman
*Attorney for Defendants Village of Markham and Dominica Tolbert*

Eydie R. Glassman
Steven Marderosian
Eydie R. Glassman, Esq. Legal & Consulting Services, LLC
10 S. Riverside Plaza, Ste. 875
Chicago, IL 60606

312-600-5001
eydie@ergjd.com

/s/Thomas J. Condon, Jr.
*Attorney for Defendants Village of Lansing and Michael Rodriguez*

Thomas J. Condon, Jr.
Montana & Welch, LLC
11950 South Harlem Avenue, Suite 102
Palos Heights, Illinois 60463
(708) 448-7005
tcondon@montanawelch.com

/s/Maurice C. Hunt
*Attorney for Defendants City of Blue Island and Anthony Delgadillo*

Maurice C. Hunt
Montana & Welch, LLC
192 North York Street
Elmhurst, IL 60126
mhunt@montanawelch.com

13

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY WATKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOUTH SUBURBAN MAJOR CRIMES TASK )<br>FORCE, VILLAGE OF BURNHAM, CITY OF )<br>OAK FOREST, VILLAGE OF DOLTON,  CITY )<br>OF MARKHAM, CITY OF BLUE ISLAND, )<br>VILLAGE OF SOUTH HOLLAND, VILLAGE )<br>OF LANSING, VILLAGE OF POSEN, CITY )<br>OF CALUMET CITY, JOHN DALEY, )<br>NICK NOMIKOS, PETER BELOS, KURT MESSER, )<br>JOSE NEVAREZ, TIMOTHY GAINER, )<br>MATTHEW GAINER, RAMIRO MONTES, )<br>THOMAS ASHE, CHANTO IVERSON, )<br>MAJOR COLEMAN, DARRYL HOPE, )<br>ANTHONY DELGADILLO, CHARLES LEYDEN, )<br>DOMINICA TOLBERT, MICHAEL RODRIGUEZ, )<br>MICHAEL VARKALIS, WILLIAM ALEXANDER, )<br>AND RANDALL ZIVKOVICH, )<br>)<br>Defendants. ) | Case No. 24 CV 3555<br><br>Judge Sunil R. Harjani<br>Mag. J. Heather K. McShain |

**ACKNOWLEDGEMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential

Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature