IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIMOTHY WATKINS,                                    )
                                                    )
                    Plaintiff,                      )
        v.                                          )
                                                    )
SOUTH SUBURBAN MAJOR CRIMES                          )
TASK FORCE, VILLAGE OF BURNHAM,                      )
CITY OF OAK FOREST, VILLAGE OF                       )
DOLTON, JOHN DALEY, NICK                             )
NOMIKOS, JOSE NEVAREZ, TIMOTHY                       )
GAINER, MATTHEW GAINER, RAMIRO                       )
MONTES, ANTHONY DELGADILLO,                          )   Case No.  24-cv-3555
MAJOR COLEMAN, CHARLES LEYDEN,                       )
THOMAS ASHE, DOMINICA TOLBERT,                       )   Judge Sunil R. Harjani
MICHAEL RODRIGUEZ, KEITH                             )
WILLOUGHBY, ANTONIO PADRON,                          )   Magistrate Judge Heather K. McShain
DARRYL HOPE, CHANTO IVERSON,                         )
MICHAEL VARKALIS, KURT MESSER,                       )
WILLIAM ALEXANDER, RANDALL                           )
ZIVKOVICH, TIMOTHY BOLIN, STEVEN                     )
BOWEN, PETER BELOS, CITY OF                          )
CALUMET PARK, VILLAGE OF                             )
RIVERDALE, CITY OF MARKHAM, CITY                     )
OF BLUE ISLAND, VILLAGE OF SOUTH                     )
HOLLAND, VILLAGE OF LANSING,                         )
VILLAGE OF POSEN, AND CITY OF                        )
CALUMET CITY,                                        )
                                                    )
                    Defendants.                      )

**DEFENDANTS' JOINT MOTION FOR EXTENSION OF
FACT DISCOVERY DEADLINE AND RELATED DEADLINES**

Defendant Village of Markham, by its counsel Eydie R. Glassman; Defendant Detective

Dominica Tolbert, by her counsel Larry Kowalczyk; Defendants Thomas Ashe, Matthew Gainer,

Timothy Gainer, Chanto Iverson, Kurt Messer, Ramiro Montes, and Jose Nevarez, by their counsel

Elizabeth J. Andonova Mallory, Connor Q. Hollander, and Aidan Nuttall; Defendants Charles

Leyden, Village of South Holland, and the South Suburban Major Crimes Task Force, by their

counsel Patrick J. Ruberry; Defendants Village of Burnham, John Daley, Nick Nomikos, and Peter

1

Belos, by their counsel John P. Maniatis; Defendants Village of Dolton and Darryl Hope, by their counsel Sean Knoll; Defendants Village of Lansing and Michael Rodriguez, by their counsel Thomas J. Condon; Defendants City of Blue Island and Anthony Delgadillo, by their counsel Erin Blake and Maurice C. Hunt; Defendants City of Oak Forest and Michael Varkalis, by their counsel Michael J. Victor; Defendants Village of Posen and William Alexander, by their counsel Alexandra C. Cambiazo; and Defendants City of Calumet City and Randall Zivkovich, by their counsel Patrick W. Walsh (collectively, "Moving Defendants"), respectfully move this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) for an extension of the fact discovery deadline and a corresponding adjustment to all related case management deadlines, and in support thereof state as follows:

## **BACKGROUND**

1. This action arises from the investigation and prosecution of Plaintiff Timothy Watkins in connection with the March 2, 2016 shooting of Vincent Means, which was investigated by the South Suburban Major Crimes Task Force ("SSMCTF"). Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged constitutional violations including malicious prosecution, fabrication of evidence, coerced witness statements, and civil conspiracy, against numerous individual defendant officers from the Illinois State Police, multiple municipalities and, as well as various municipal defendants.

2. The case involves a large and complex defendant field. Twenty-nine (29) defendants are named, represented by eleven (11) separate sets of defense counsel across multiple law firms, including the Office of the Illinois Attorney General (representing the Illinois State Police defendants), and private counsel representing defendants from Markham, Burnham, Dolton, South

2

Holland, Blue Island, Calumet City, Posen, Lansing, Oak Forest, the SSMCTF and other co-defendant officers.

The current fact discovery deadline is July 31, 2026.

**GROUNDS FOR EXTENSION**

**I.  Written Discovery Remains Materially Incomplete**

3.  Written discovery in this matter has involved substantial volume and complexity across all defendant parties. Multiple rounds of interrogatories and requests to produce have been served and responded to, and supplemental responses have been produced as recently as April 3, 2026.

4.  Notwithstanding the foregoing, significant written discovery issues remain unresolved. Documents are still being produced by multiple parties, and a number of discovery deficiency disputes are pending that require resolution, and potentially court intervention, before the parties can meaningfully proceed to oral discovery.

5.  The volume of written discovery in this case is extraordinary. The Cook County State's Attorney's Office alone produced more than 3,100 pages of records and video media. Productions from additional parties, including the Illinois State Police, the City of Burnham, the Village of South Holland, and others, add approximately 6,500 additional pages, as well as significant amounts of electronic media that has presented significant access and format issues requiring further resolution. Defense counsel for most of the Moving Defendants have only recently received these substantial document productions and are actively engaged in completing their review.

6.  In addition to the documentary productions, the electronic media productions in this case present significant and ongoing access problems that have further impeded Defense counsels'

ability to complete discovery review. The City of Burnham alone produced hundreds of electronic media files across multiple proprietary and non-standard formats, and other party defendants produced additional video materials. Across all party productions, the electronic media includes multiple categories of files that are partially or wholly inaccessible: (a) certain video files are in proprietary formats requiring vendor-specific software that was not included with the productions. Specifically, WatchGuard in-car camera footage in the .WGV format requires the WatchGuard Evidence Player, which was not produced; (b) certain DVD-structure video files (.IFO/.BUP) were produced without their corresponding .VOB files, rendering the navigation files unplayable because the actual video content is missing; (c) certain video files in raw streaming formats (including .h264 and .dvr files) require conversion or specialized players not in standard use; and (d) certain video files appear to be cut off or incomplete. These deficiencies have been identified and are the subject of ongoing follow-up with the producing parties, but resolution, including potential re-production of media in accessible formats or provision of required playback software, requires additional time that cannot be accommodated within the current discovery schedule.

7. Several co-defendants have served written discovery responses that Plaintiff's counsel has identified as deficient, and Defendants' counsel have similarly identified deficiencies in Plaintiff's discovery responses. These disputes require meet-and-confer proceedings and, if unresolved, motion practice before depositions can proceed in any organized or efficient manner.

## II. Depositions Cannot Meaningfully Proceed Until Written Discovery is Complete

8. This case involves numerous defendant officers whose individual roles, actions, and potential liability must be assessed in light of the documentary record. Deposing witnesses before written discovery is complete, particularly before outstanding document productions are received

and reviewed, would be inefficient, prejudicial to Defendants, and would likely necessitate re-depositions at additional cost.

9.   Among the issues that must be resolved before depositions can proceed in an orderly manner are: (a) the completion of all outstanding document productions; (b) resolution of pending written discovery disputes; (c) the logistics of deposing Plaintiff, who is currently housed at the Fayette County Detention Center in Kentucky, with an anticipated release date expected within the next few months. Plaintiff's counsel has indicated that a more definitive release date will be known on or shortly after Plaintiff's next criminal court date of April 17, 2026; and (d) coordination among the eleven separate sets of defense counsel regarding deposition scheduling, priority, and coverage.

10. Defendants have served a Notice of Deposition of Plaintiff Timothy Watkins,  that was scheduled for April 30, 2026 but given the foregoing, and the volume of written discovery that must be resolved in advance, Defendants respectfully submit that the current fact discovery deadline does not afford sufficient time to complete depositions in a meaningful and orderly manner.

### III.  The Complexity and Scale of This Litigation Constitutes Good Cause

11.  Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of good cause. Good cause exists here. This is a complex multi-defendant civil rights action arising from a multi-agency task force investigation conducted over a period of weeks in 2016. The case involves numerous named defendants represented by eleven separate sets of defense counsel, arising from the coordinated activities of officers from multiple law enforcement agencies including the Illinois State Police, the South Suburban Major Crimes Task Force, and the

5

police departments of Burnham, Dolton, South Holland, Blue Island, Calumet City, Posen, Lansing, Oak Forest, and Markham.

12. The volume of discovery in this case, including the 3,100-plus page CCSAO production and media, additional productions from multiple municipalities, including over 6,000-plus additional pages and hundreds of media files, discovery directed to each individual defendant and largely responded to, is substantial. The time required to complete review, analysis, and follow-up on this material before depositions can proceed in an organized manner is significant and was not fully foreseeable when the current schedule was entered.

13. Defendants have diligently pursued discovery and have not caused any unreasonable delay. The requested extension is sought in good faith and for legitimate case management reasons, not for purposes of delay.

### IV. Plaintiff's Position

14. Counsel for the parties conferred on April 3, 2026. As reflected in the Joint Status Report filed with this Court on April 3, 2026, Plaintiff is not opposed to a two-month extension of the fact discovery deadline but does not anticipate agreeing to Defendants' motion in its entirety. Plaintiff's position is that, while some written discovery responses are deficient, the parties are working to cure those deficiencies and Plaintiff is prepared to proceed with noticed depositions within the current July 31, 2026 deadline. Defendants respectfully submit that a ninety-day extension through October 31, 2026 is necessary and appropriate for the reasons set forth herein, and that Plaintiff's willingness to accept a shorter extension underscores that an extension of some length is warranted.

## RELIEF REQUESTED

Defendants respectfully request that the Court enter an order: (1) extending the fact discovery deadline by ninety (90) days, from July 31, 2026 to October 31, 2026; (2) setting August 21, 2026 as the deadline by which all depositions must be noticed to ensure compliance with the extended fact discovery deadline; and (3) scheduling a status hearing in approximately sixty (60) days to assess the progress of written discovery and the parties' deposition plan. Defendants further request that the Court adjust any other downstream deadlines as appropriate in light of the foregoing.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Joint Motion for Extension of Fact Discovery Deadline and Related Deadlines, and enter such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: April 6, 2026

/s/ Eydie R. Glassman
Eydie R. Glassman, Esq.
Eydie R. Glassman Esq., Legal & Consulting Services, LLC.
10 S. Riverside Plaza, Suite 875
Chicago, Illinois 60606
(312) 600-5001
eydie@ergjd.com
Counsel for Defendant Village of Markham

7

/s/ Elizabeth J. Andonova Mallory (with consent)
Elizabeth J. Andonova Mallory
Connor Q. Hollander
Aidan Nuttall
Assistant Attorneys General
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
100 W. Randolph Street
Chicago, Illinois 60601
Counsel for Defendants Thomas Ashe, Matthew Gainer, Timothy Gainer, Chanto Iverson, Kurt Messer, Ramiro Montes, and Jose Nevarez

/s/ Patrick J. Ruberry  (with consent)
Patrick J. Ruberry
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
Counsel for Defendants Charles Leyden, Village of South Holland, and the South Suburban Major Crimes Task Force

/s/ John P. Maniatis (with consent)
John P. Maniatis
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP
205 N. Michigan Avenue, Suite 4240
Chicago, Illinois 60601
Counsel for Defendants Village of Burnham, John Daley, Nick Nomikos, and Peter Belos

/s/ Sean Knoll (with consent)
Sean Knoll / Alastar S. McGrath
KOZACKY WEITZEL MCGRATH, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
Counsel for Defendants Village of Dolton and Darryl Hope

/s/ Larry Kowalczyk (with consent)
Larry Kowalczyk
MOHAN GROBLE SCOLARO P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603
Counsel for Defendant Dominica Tolbert

/s/ Patrick W. Walsh (with consent)
Patrick W. Walsh
33 S. Garfield Street
Hinsdale, Illinois 60521
Counsel for Defendants City of Calumet City and Randall Zivkovich

/s/ Alexandra C. Cambiazo  (with consent)
Alexandra C. Cambiazo
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
Counsel for Defendants Village of Posen and William Alexander

/s/ Thomas J. Condon (with consent)
Thomas J. Condon, Jr.
11950 South Harlem Avenue, Suite 102
Palos Heights, Illinois 60463
Counsel for Defendants Village of Lansing and Michael Rodriguez

/s/ Erin Blake  (with consent)
Erin Blake
Maurice C. Hunt
192 North York Street
Elmhurst, Illinois 60126
Counsel for Defendants City of Blue Island and Anthony Delgadillo

/s/ Michael J. Victor  (with consent)
Michael J. Victor
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Counsel for Defendants City of Oak Forest and Michael Varkalis

## CERTIFICATE OF SERVICE

I, Eydie R. Glassman, an attorney, hereby certify that on April 6, 2026, I caused a true and correct copy of the foregoing Defendants' Joint Motion for Extension of Fact Discovery Deadline and Related Deadlines to be served upon all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Eydie R. Glassman
Eydie R. Glassman

9